MEADOWS FERTILIZER COMPANY v. MARTHA B. GODLEY, ADMINISTRATRIX OF MARSHALL W. GODLEY, DECEASED, AND MARTHA B. GODLEY IN HER OWN RIGHT.

(Filed 22 February, 1933.)

1. **Insurance N a—Change of beneficiary will be given effect where insured does all in his power to effect change under terms of policy.**

   Where a policy of life insurance reserves the right in the insured to change the beneficiary therein named, the named beneficiary has only a contingent interest therein, and the insured may change the beneficiary in accordance with the terms of the policy at any time, and where the insured has done all that is possible under the circumstances to change the beneficiary in accordance with the terms of the policy, such change of beneficiary will be given effect under the principle that equity regards as done that which ought to have been done, and where the insured's wife is thus made the beneficiary the proceeds inure to her sole benefit free from the claims of his creditors. N. C. Code, 6464(a).

2. **Appeal and Error J c—Findings of fact are conclusive when supported by evidence.**

   Where the court finds the facts under agreement of the parties, his findings of fact are conclusive when supported by any sufficient evidence, and where the judgment is supported by the findings of fact it also is conclusive.

**3. Insurance N a—Under facts of this case change of beneficiary by insured was not effected.**

Where under an agreement that the court should find the facts the court finds that the deceased had expressed an intention to change the beneficiary in a policy of insurance on his life, but had done no affirmative act to effect such change, the court's judgment that no change of beneficiary had been effected will be affirmed on appeal.

APPEAL by defendant, Martha B. Godley, from *Parker, J.,* at December Term, 1932, of BEAUFORT. Affirmed.

The record discloses an agreement that the court below should find the facts and render judgment thereon. Under the agreement the court below made an exhaustive and lengthy findings of fact, and rendered the following judgment:

"This cause coming on to be heard at this term of court before his Honor, R. Hunt Parker, judge presiding, upon the agreed statement of facts and being heard: Now, therefore, after consideration of the case agreed and argument of counsel, it is ordered and adjudged and decreed as follows: (1) That Martha B. Godley, in her own right having been made a party defendant comes into court and adopts the answer of Martha B. Godley, administratrix, and adopts in her own right the agreed statement of facts in this action. (2) That as to policy No. 302762 issued on 14 December, 1928, by Durham Life Insurance Company of Raleigh, N. C., on the life of Marshall W. Godley, it is ordered, adjudged and decreed, that the insured has substantially complied with the provisions of said policy relating to the change in beneficiary and on the principle that equity regards as done that which ought to be done, this court hereby gives effect to the intention of the insured and holds that the change of beneficiary has been accomplished, and it is therefore adjudged that Martha B. Godley, in her own right, is beneficiary to the proceeds thereof, subject to the rights of Phillips Fertilizer Company as assignee therein: (3) That as to policy No. 302773, issued on 12 December, 1928, by Durham Life Insurance Company on the life of Marshall W. Godley, *the court holds that no affirmative act on the part of the insured to change the beneficiary was done and that the letters written by Jesse B. Ross express only unexecuted intention, and the court therefore adjudges that no change of beneficiary was effected as to said policy* and that the proceeds of said policy are probably payable to Martha B. Godley, as administratrix of the estate of Marshall W. Godley and is an asset of said estate for the benefit of the creditors and other parties in interest as their respective interests may appear. It is by consent adjudged that the debt owing to Meadows Fertilizer Company (who is endorsee and owner of the notes originally given to N. W

Latham) by the estate of Marshall W. Godley, is $931.14, with interest from 1 March, 1931. It is ordered that the costs of this action be paid by the estate of Marshall W. Godley."

To that part of the foregoing judgment relating to policy No. 302773 and adjudging that the proceeds of said policy is an asset of the estate of Marshall B. Godley, the defendant, Martha B. Godley in her own right, excepted, assigned error and appealed to the Supreme Court. To that part of the foregoing judgment relating to policy No. 302762, the plaintiff excepted, assigned error and appealed to the Supreme Court.

The defendant Martha B. Godley, appellant, groups her exceptions and assigns error as follows: "To the erroneous conclusion reached by the judge in so far as he adjudges that the beneficiary was not changed on policy No. 302773, as appears by the judgment."

*H. C. Carter for plaintiff, appellee.*
*Ward & Grimes for defendant, Martha B. Godley, appellant.*

CLARKSON, J. There can be, from the facts found by the court below, no controversy as to insurance policy No. 302762, on the life of Marshall W. Godley, it being properly changed as to the beneficiary under the terms of the policy. In fact, in the appellee's brief we find: "Having in mind these principles we are forced to the conclusion by the facts in the case that as to policy No. 302762 he had a definite purpose to change the beneficiary and did what he could, and all he could, to effect such change."

The appeal presents the question only whether the policy No. 302773 was properly changed in accordance with the terms of the policy. We think not.

In *Pearsall v. Bloodworth,* 194 N. C., 628, it was held: "While formerly an insolvent insured could not change, according to a provision in his policy, the beneficiary of his policy of life insurance from his estate to his wife, without consideration against the rights of his creditors, this is now changed by our statute. C. S., 6464, providing that a policy of life insurance made payable to the wife, or after its issuance assigned and transferred, or in any way made payable to her, shall inure to her separate benefit." See N. C., Code of 1931 (Michie) 6464(a); Laws of 1931, chap. 179, sec. 1.

The only question involved in this appeal is whether the change of the beneficiary was consummated.

In *Teague v. Ins. Co.,* 200 N. C., at p. 456, speaking to the subject: "The law in other jurisdictions, applicable to the decision of the question presented by this appeal, is stated in 37 C. J., at p. 584, in section 350(b). The text in this section is supported by abundant citations of

authoritative judicial decisions. It is there said: 'On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company, but was unable to send the policy by reason of circumstances beyond his control, as where it had been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible, or where he sent both the policy and a proper written notice or request and all that remained to be done were certain formal and ministerial acts on the part of the company, such as the endorsement of the change on the policy, and these acts were either not done at all or were done after the death of the insured.' "

In *Parker v. Potter,* 200 N. C., at p. 355, it is written: "In an ordinary policy of life insurance, the beneficiary acquires a vested interest from the time the insurance takes effect, if in the contract there is no stipulation reserving to the insured a right to change the beneficiary, assign the policy, or divert the proceeds, unless the language of the policy is inconsistent with a vested interest. *Herring v. Sutton,* 129 N. C., 107; *Lanier v. Ins. Co.,* 142 N. C., 14; *Wooten v. Order of Odd Fellows,* 176 N. C., 52; *Lockhart v. Ins. Co.,* 193 N. C., 8. This principle, however, does not prevail where the right or interest of a particular beneficiary is subject to be changed or to be defeated under the terms of the contract by which it was created. *Wooten v. Order, etc., supra; Pollock v. Household of Ruth,* 150 N. C., 211. If thus subject to be changed or defeated the interest of the beneficiary is not property but a mere expectancy, which cannot ripen into a vested interest before the death of the insured."

In *Taylor v. Coburn,* 202 N. C., at p. 326, it is held, citing numerous authorities: "Accordingly it is generally held that a gift of an insurance policy may be made by delivery without a written assignment. Because delivery of an article may be actual, constructive, or symbolic, no absolute rule, applicable to all cases, can be laid down. It is a settled principle, however, that the donor's surrender of the property must be complete and his dominion and control of it must be relinquished."

The court below by agreement found the facts. It is well settled in this jurisdiction, where a jury trial is waived, as in this case, and the trial judge finds the facts and judgment is entered thereon, if there was any sufficient competent evidence to support the findings of fact and the facts found support the judgment, in such cases the findings of fact and the judgment thereon are conclusive.

The court below, after setting forth the facts, stated in the judgment: "The court holds that no affirmative act on the part of the insured to change the beneficiary was done and that the letters written by Jesse B. Ross *express only unexecuted intention,* and the court therefore adjudges that no change of beneficiary was effected as to said policy." For the reasons given, the judgment is

Affirmed.