This is an action to recover of the defendants the amount due to the plaintiff for premiums on two policies of insurance issued by the plaintiff to the defendants, one dated 10 August, 1931, and the other dated 10 August, 1932.
The action was begun in the city court of Raleigh, on 4 March, 1933, and was tried in said court on 20 November, 1933. From judgment of said court in favor of the plaintiff and against the defendants for thirty-nine cents, with interest and costs, the plaintiff appealed to the Superior Court of Wake County.
At the trial of the action in the Superior Court, judgment was rendered as follows:
"This cause coming on to be heard on appeal from the judgment herein in the city court of Raleigh, North Carolina, and being heard, de novo, by the undersigned, G. V. Cowper, Judge presiding at the Special December Term, 1934, of Wake Superior Court, a jury trial having been waived, and it being agreed that the court should find the facts and make its conclusions of law, the court finds:
"1. That the Travellers Insurance Company, under date of 10 August, 1931, issued to the defendants its policy of Workmen's Compensation Insurance No. UB-7141518 on its standard form for such policy and containing an endorsement for such policies in accordance with the North Carolina Workmen's Compensation Act; that said endorsement contains the following provision:
"`This policy is issued by the company and is accepted by this employer with the agreement that the rates of premium are subject to modification in accordance with the rate manual and rating plans established and definitely made applicable to this policy by the Southeastern Compensation Rating Bureau and approved by the Commissioner of Insurance of the State of North Carolina, such modification, if any, to be expressed by endorsement naming the effective date thereof.'
"That said policy contained the following classifications and ratings per $100 remuneration: No. 2150-32 — 3.25; Nos. 8233 and 8203 — 2.75; No. 8810 — .07.
"2. That the Travellers Insurance Company, under date of 10 August, 1932, issued to defendant City Ice and Coal Company, Inc., its policy of Workmen's Compensation Insurance No. UB-7141519 on its standard form for such policy and containing an endorsement for such policies in accordance with the Workmen's Compensation Act of North Carolina; that said endorsement provides as follows:
"`This policy is issued by the company and is accepted by this employer with the agreement that the rates of premium are subject to *Page 225 
modification in accordance with the rate manual and rating plans established and definitely made applicable to this policy by the Southeastern Compensation Rating Bureau and approved by the Commissioner of Insurance of the State of North Carolina, such modification, if any, to be expressed by endorsement naming the effective date thereof.'
"That said policy contains an endorsement, No. 815, as follows:
"`The policy to which this endorsement is attached has been issued at the manual rate because at the time of issue the adjusted rate is not available. It is agreed that the adjusted rate for this policy will be obtained as soon after its effective date as possible and, when obtained, an endorsement will be issued for attachment to this policy stating the adjusted rate, which adjusted rate shall be substituted for the manual rate temporarily used, and shall become the actual rate for this policy from and after its effective date.'
"That said policy was issued on the following classifications and ratings per $100 remuneration: No. 2150-32 — 3.25; Nos. 8233 and 8203 — 2.75; No. 8810 — .07.
"3. That said rates contained in the two policies of insurance were the rates promulgated and established on 7 May, 1929, by the Insurance Commissioner of North Carolina, for the classifications therein mentioned, and that said rates were approved by the Commissioner of Insurance of North Carolina in accordance with the North Carolina Workmen's Compensation Act.
"4. That prior to the issuance of the two policies of insurance, on 7 May, 1929, there had been promulgated by the Insurance Commissioner of North Carolina a schedule of rates known as the merit rating plan, and that said schedule of rates, or merit rating plan, had been approved by the Commissioner of Insurance of North Carolina in accordance with the North Carolina Workmen's Compensation Act.
"5. That thereafter, upon inspection and in accordance with the schedule of rates or merit rating plan contained in the rate manual of the Compensation Rating and Inspection Bureau, the Compensation Rating and Inspection Bureau promulgated rates as follows for Policy No. UB-7141518: No. 2150 — 3.432; Nos. 8233 and 8203 — 2.904; No. 8810 — .074; that the plaintiff thereupon issued, and caused to be attached to the policy, an endorsement containing said rates as promulgated by the Compensation Rating and Inspection Bureau.
"6. That thereafter, upon inspection and in accordance with the schedule of rates or merit rating plan contained in the rate manual of the Compensation Rating and Inspection Bureau, the Compensation Rating and Inspection Bureau promulgated rates as follows for Policy No. UB-7141519: No. 2150 — 4.173; No. 8233 — 4.699; No. 8203 — 3.531; *Page 226 
No. 8810 — .090; that the plaintiff thereupon issued and caused to be attached to the policy an endorsement containing said rates as promulgated by the Compensation Rating and Inspection Bureau.
"7. That the rates were promulgated by the Compensation Rating and Inspection Bureau in accordance with the experience rating of the defendants and in accordance with the merit rating plan established by the Compensation Rating and Inspection Bureau and approved by the Commissioner of Insurance as required by the North Carolina Workmen's Compensation Act.
"8. That the defendants are indebted to plaintiff for Policy No. UB-7141518 for the balance of said premium in the amount of $118.34, and that defendants are indebted to plaintiff for policy No. UB-7141519 for the balance of said premium in the amount of $184.01.
"9. The court further finds that plaintiff and defendants by the contracts of insurance expressly stipulated that the policies were issued at the manual rates and were subject to modification in accordance with the rate manual and rating plans established and definitely made applicable to the policies, and that such modifications were made in accordance with the rate manual and rating plans established by the Commissioner of Insurance of North Carolina.
"It is therefore ordered, adjudged, and decreed that plaintiff recover of the defendants the sum of $118.34, and the further sum of $184.01, together with interest on said sums from 24 July, 1933, until paid, subject to a credit of $14.33, and that defendants pay the costs as taxed by the clerk."
The defendants excepted to the foregoing judgment, and appealed to the Supreme Court, assigning as error the signing by the court of the judgment.
In Fertilizer Co. v. Godley, 204 N.C. 243, 167 S.E. 816, it is said:
"It is well settled in this jurisdiction that where a jury trial is waived, as in this case, and the trial judge finds the facts and judgment is entered thereon, if there was any competent, sufficient evidence to support the findings of fact, and the facts support the judgment, in such case, the findings of fact and the judgment thereon are conclusive."
In the instant case there was no exception by the defendants to any finding of fact made by the judge. The findings of fact are therefore conclusive on defendants' appeal to this Court. The contention of the *Page 227 
defendants on their appeal to this Court that there was no evidence at the trial to support certain findings of fact made by the judge is not presented by a valid assignment of error, and for that reason cannot be considered.
The judgment is supported by the findings of fact made by the trial judge, and for that reason is
Affirmed.