MYRA WISE PEAKE v. MARY W. BABSON

No. 718SC196

(Filed 26 May 1971)

Judgments § 45— plea in bar — prior action

 Plaintiff was estopped by prior action from maintaining her present action, where the issues and the parties in the two actions were identical.

APPEAL by plaintiff from *Peel, Judge,* 23 November 1970 Civil Term of Superior Court held in LENOIR County.

On 20 September 1967 Mary W. Babson, the defendant in the present action, instituted an action against Myra Wise Peake, the plaintiff in the present action. The complaint in the prior action contained allegations, in substance, as follows: Plaintiff owns certain real estate which she rented to the defendant. Defendant failed to pay the rent as due and refused to surrender the premises. Defendant claims to be the equitable owner of the premises but defendant has no right, title, interest, or estate, either legal or equitable in and to said premises. Defendant is indebted to plaintiff for rents and for other sums. Plaintiff prayed that judgment be entered declaring her to be the owner of the premises in *fee simple* and declaring that defendant has no interest in the described property, for possession of the property and for judgment for the rents due and unpaid by the defendant. To this complaint the defendant filed an answer in which she admitted that she had not made any monthly rental payments and that the plaintiff had demanded possession of the premises but denied that plaintiff was the owner of the premises. In substance the defendant contended that she was in fact the equitable owner of the premises, contending that the property was placed in plaintiff's name because defendant could

not arrange financing. She contended that although the plaintiff had made the downpayment on the property, caused the deed to be placed in plaintiff's name and arranged for a loan for the balance of the purchase price in plaintiff's name, that in fact the same was done for the benefit of the defendant and that the defendant had made the payments to the lending institutions, had paid the taxes on the property and had maintained the property. Upon motion of the plaintiff, after due notice to the defendant, the answer was stricken for failure to comply with G.S. 1-111. Judgment was subsequently entered declaring that plaintiff was the owner of and entitled to the possession of the premises. In answer to an appropriate issue duly submitted, a jury determined that plaintiff was entitled to recover $1,048.70 of the defendant. There was no appeal from this judgment which was entered on the 6th day of February 1968.

On 8 February 1968 plaintiff Myra Wise Peake instituted this action against Mary W. Babson. Her complaint contains essentially the same allegations as were set out in her answer to the former action, which had been concluded by judgment just two days earlier. In answer to this complaint, the defendant in the present action, among other things, pleaded the judgment in the earlier action as a bar to the plaintiff's right to proceed. From judgment sustaining defendant's plea and dismissing the action, the plaintiff Myra Wise Peake appealed.

*Wallace, Langley and Barwick by James D. Llewellyn for plaintiff appellant.*

*White, Allen, Hooten and Hines by Thomas J. White III for defendant appellee.*

VAUGHN, Judge.

It was entirely proper for Judge Peel to consider the defendant's plea in bar prior to a trial on the merits. *Wilson v. Hoyle,* 263 N.C. 194, 139 S.E. 2d 206. Appellant concedes that the prior judgment constituted an adjudication on the merits and that the parties are identical. "A final judgment, which adjudicates upon the merits the issues raised by the pleadings, 'estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in

the exercise of reasonable diligence, could and should have brought forward.' " *Wilson v. Hoyle, supra.* At the former trial plaintiff had the opportunity to assert her whole claim. It was incumbent upon her to do so. Plaintiff has had her day in court, and has had the opportunity to bring forward all matters now asserted. Judge Peel's findings and conclusions are clearly supported by the pleadings in the present action, the judgment roll in the prior action and other matters appearing in this record. Plaintiff is estopped to relitigate the questions presented and determined in the former action. The judgment from which defendant appealed is, therefore affirmed.

Affirmed.

Chief Judge MALLARD and Judge PARKER concur.