MARY ALICE KING LEE AND HUSBAND, CHARLIE LEE; IRENE
    KING BROADNAX AND HUSBAND, ROBERT BROADNAX; FRAN-
    CES KING GALLOWAY AND HUSBAND, JOHN GALLOWAY; BES-
    SIE KING GALLOWAY AND HUSBAND, FRANK GALLOWAY;
    JESSIE KING LAWSON AND HUSBAND, LINDSAY LAWSON;
    PRICIE KING HARRIS, WIDOW; DAISY KING TOTTEN AND
    HUSBAND, JAMES TOTTEN; GEORGE KING AND WIFE, FRANCES
    G. KING; JIMMIE A. KING AND WIFE, JUANITA SELLARS KING,
    AND HENRY KING, WIDOWER, PETITIONERS

— v. —

WILLIE ALBERT KING AND WIFE, DOROTHY LAWSON KING; ROB-
    ERT I. KING AND WIFE, CALLIE HOOPER KING; ALLEN H.
    GWYN, JR. AND WIFE, EVELYN W. GWYN; JULIUS J. GWYN
    AND WIFE, PATRICIA W. GWYN, AND MELZER A. MORGAN, JR.,
    AND WIFE, MOLLY D. MORGAN, RESPONDENTS

No. 7417SC761

(Filed 20 November 1974)

**Judgments § 37; Rules of Civil Procedure § 41— voluntary dismissal with-
    out prejudice — failure to meet conditions — judgment is res judicata**
        Where the Supreme Court ruled that petitioners failed to carry
    their burden of proof of title in a partitioning proceeding which was
    converted into an action to try title and that the motion of the answer-
    ing respondents for directed verdict should be allowed unless the
    superior court allows a motion for voluntary dismissal without preju-
    dice, the superior court upon remand allowed petitioners' motion for
    voluntary dismissal without prejudice upon the conditions that peti-
    tioners pay costs and $1,000 attorneys' fees for the respondent who
    claimed title and that a new partitioning proceeding be instituted by
    a certain date, and the costs and attorneys' fees were not paid and
    a new proceeding was not instituted by the date specified, the ad-
    judication that respondents' motion for directed verdict should have
    been granted in the former proceeding is *res judicata* in a new parti-
    tioning proceeding involving the same parties and land.

APPEAL by petitioners from *Rousseau, Judge,* May 1974
Civil Session of Superior Court held in ROCKINGHAM County.

This special proceeding was instituted by petitioners for purpose of having a 100-acre tract of land sold for partition. In their petition, petitioners alleged that certain of them, together with certain of respondents, own the land as tenants in common; that Albert King died intestate on 15 January 1968 seized and possessed of said land; that intestate left surviving him seven daughters and six sons; that except for respondent Willie Albert King and David King, each of said survivors owns 1/13th interest in said land; that respondent Willie Albert King had acquired the interest of David King; that thereafter respondent Willie Albert King and wife conveyed their 2/13ths interest, excepting their life estates, to respondents Gwyn and Morgan.

Respondents, with exception of Robert I. King and wife, filed answer denying that petitioners own any interest in the 100-acre tract of land. As a further defense, they pleaded a former special proceeding in which respondent Callie Hooper King, individually and as administratrix of the estate of Albert King, and her husband, respondent Robert I. King, were petitioners, and all of the petitioners herein, together with respondents Willie Albert King and wife, were respondents. The record and proceedings in the former cause are summarized in pertinent part as follows:

1. In the petition, filed 22 April 1969, petitioners alleged that Albert King died intestate on 15 January 1968 and Callie H. King qualified as administratrix of his estate; that intestate, at the time of his death, owned three tracts of land (including the 100-acre tract involved here and referred to in the former petition as Tract #3); that Albert King left 13 children surviving him; that petitioner Robert I. King, a son, and the other 12 children, named as respondents, each owned 1/13th interest in the three tracts of land; and that petitioners were entitled to have said lands sold for partition.

2. Willie Albert King and wife filed answer to the petition in which answer he pleaded sole seizin as to Tract #3. No other respondent filed answer to the petition.

3. The cause was transferred to the civil issue docket for trial of the issue raised as to Tract #3. Following a trial, the superior court allowed petitioners' motion for directed verdict and entered judgment declaring the 13 children of Albert King owners as tenants in common of the 100 acres in question. Willie Albert King and wife appealed to the Court of Appeals.

4. By opinion reported in 9 N.C. App. 369, 176 S.E. 2d 394 (1970), this court held that petitioners failed to prove title to Tract #3, that the motion of Willie Albert King and wife for directed verdict should have been allowed, and that the superior court erred in entering its judgment.

5. The Supreme Court granted certiorari to review the decision of this court and its opinion is reported in 279 N.C. 100, 181 S.E. 2d 400 (1971). The Supreme Court agreed with the Court of Appeals that petitioners failed to prove title to Tract #3 and ordered that the judgment of the superior court be vacated. However, the Supreme Court went further and provided (page 107) : ". . . The decision of the Court of Appeals is modified so as to permit petitioners to move for a voluntary dismissal *without prejudice* prior to granting the motion of the answering defendants for a directed verdict against petitioners and the entry of a judgment adverse to petitioners. If the court, in the exercise of its discretion, grants petitioners' motion for a voluntary dismissal, it will enter an order to that effect upon such terms and conditions as justice requires. If the court, in the exercise of its discretion, denies petitioners' motion for a voluntary dismissal, it will enter a judgment adverse to petitioners."

6. After the cause was remanded to the superior court pursuant to the Supreme Court opinion, and following a hearing, Judge Exum entered a judgment in which he opined that the ends of justice required that petitioners be granted a voluntary dismissal without prejudice respecting their claim for the right to partition Tract #3; he granted their motion for dismissal ". . . without prejudice of that portion of this cause by which (petitioners) demand partition of . . . Tract #3," but on the following conditions: (1) that they pay the costs of the action and $1,000 fees for Willie Albert King's attorneys; (2) that a new action or proceeding for the partition of Tract #3 be instituted on or before 15 March 1972 "but not thereafter."

7. The costs and attorney fees referred to in Judge Exum's judgment have not been paid.

\* \* \* \* \*

This new proceeding was instituted on 14 September 1973. On 26 February 1974, respondents, pursuant to G.S. 1A-1, Rules 12(c) and 56, moved for judgment on the pleadings, or in the alternative, summary judgment. Petitioners also moved for sum-

---

---

mary judgment. Following a hearing at which pleadings, affidavits, depositions and other materials were presented, the court entered judgment making findings of fact and conclusions of law and allowing respondents' motion for summary judgment. Petitioners appealed.

*Griffin, Post & Deaton, by W. Edward Deaton, Richard A. Cresenzo, and Peter M. McHugh, for the petitioner appellants.*

*Gwyn, Gwyn & Morgan, by Julius J. Gwyn, for the respondent appellees.*

BRITT, Judge.

The sole question before us is whether the motion for summary judgment was properly granted. In ruling on a motion for summary judgment, the court does not resolve issues of fact and must deny the motion if there is a genuine issue of material fact. The motion may be granted only where there is no such issue and the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56; *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

Although the trial judge made detailed findings of fact and conclusions of law, this is not required under Rule 56. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). The findings of fact and conclusions of law have no effect on this appeal and are irrelevant to our decision. Consequently, the only assignment of error we consider is that relating to the entry of judgment in favor of respondents.

Respondents contend that inasmuch as the conditions set forth by Judge Exum for reinstitution of a partition proceeding regarding Tract #3 were not complied with, the adjudications that Willie Albert King's motion for directed verdict should have been granted in the former proceeding were *res judicata* as to this proceeding. We agree.

It is well settled that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and privies, in all other actions involving the same matter. *Masters v. Dunstan*, 256 N.C. 520, 124 S.E. 2d 574 (1962); *Bryant v. Shields*, 220 N.C. 628, 18 S.E. 2d 157 (1942).

Each of the petitioners and respondents, or his privy, in this proceeding was a party in the former proceeding. The fact

that petitioners in this proceeding were respondents in the former proceeding, and that certain of respondents here were petitioners there, makes no difference on the question of *res judicata. Peake v. Babson,* 11 N.C. App. 413, 181 S.E. 2d 259 (1971). They were all *parties.* The interests of petitioners and respondents in the former proceeding, except for Willie Albert King and wife, were the same and the issue of title to Tract #3 was squarely presented. There is no doubt that the superior court and, in turn, this court and the Supreme Court had jurisdiction. The adjudication by the Court of Appeals that Willie Albert King and wife were entitled to a directed verdict on the claim that all 13 children of Albert King owned Tract #3 was affirmed by the Supreme Court. The Supreme Court provided the only way for the children of Albert King, other than Willie Albert, to assert again their claim to an interest in the land in question. We quote from the opinion (page 106):

> "Under Rule 41(a)(2), at the instance of the plaintiff, the court may permit *a voluntary dismissal* upon such terms and conditions as justice requires. (Citations.) In contrast to the former practice, (citation) a dismissal without prejudice is permissible under Rule 41(a)(2) only when so ordered by the court, in the exercise of its judicial discretion, upon finding that justice so requires. (Citation.)"

When the former proceeding was remanded to the superior court, the petitioners moved for a voluntary dismissal. To allow the motion was addressed to the sole discretion of the superior court judge, and if he allowed it, he had the authority to impose" . . . such terms and conditions as justice requires." In allowing the motion, Judge Exum imposed two conditions, the meeting of which were a prerequisite to a reinstitution of the proceeding as to Tract #3. Those conditions were not complied with, therefore, respondents are entitled to a dismissal of this proceeding.

The judgment of the superior court allowing respondents' motion for summary judgment is

Affirmed.

Judges CAMPBELL and VAUGHN concur.