LIZZIE W. ENGLISH v. GLORIA JEAN ENGLISH

No. 764SC1027

(Filed 5 October 1977)

**Insurance § 29.1— group life insurance—change of beneficiary—insurance review form**

> An insured complied with a provision of a group life insurance policy requiring "written notice" to effectuate a change of beneficiary when, on an insurance review form distributed by his employer, the insured marked through defendant's name and added plaintiff's name as designated beneficiary, and he then signed the form and returned it to his employer, the execution of a change of beneficiary form provided by the insurance company not being required under the policy.

APPEAL by plaintiff from *Bailey, Judge*. Judgment entered 24 September 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 20 September 1977.

Plaintiff Lizzie W. English instituted this action seeking to be declared sole beneficiary under a group insurance policy insuring the life of James Allen English, thereby entitling plaintiff to the $10,000 proceeds of the policy to the exclusion of the defendant.

Defendant Gloria Jean English filed answer and counterclaim alleging that as of the date of the accidental death of James Allen English defendant was still the named beneficiary under the aforesaid group insurance policy and is, therefore, entitled to the benefits under the policy to plaintiff's exclusion.

Upon stipulation and agreement by all parties, plaintiff Lizzie W. English and defendant Gloria Jean English took a voluntary dismissal of their respective actions against defendant Provident Life and Accident Insurance Company upon its agreement to pay into the office of the clerk of superior court the sum of $10,000.00.

This matter came to be heard in the superior court before Judge Bailey upon separate motions for summary judgment duly

filed by both plaintiff and defendant. The respective motions were submitted and heard upon admissions and stipulations of parties, plaintiff's supporting affidavits and defendant's deposition of Jack Cottle. This evidence established that at the time of his accidental death on 19 July 1975, James Allen English was the son of plaintiff Lizzie W. English and the husband of defendant Gloria Jean English; that prior to his death, James A. English was employed by J. P. Stevens & Co. and insured in the amount of $10,000 for accidental death under a group insurance policy written by Provident Life and Accident Insurance Co.; that plaintiff Lizzie W. English was originally designated as beneficiary under this policy, but on 31 May 1973 the designated beneficiary was changed to Gloria B. English, being the same as defendant Gloria Jean English. This change of beneficiary was accomplished by the insured's signing and returning, with the name of Lizzie W. English struck out, an insurance review form distributed by J. P. Stevens & Co. Insured subsequently executed the change of beneficiary form provided by Provident on which he designated Gloria B. English as beneficiary. On or sometime after April 1975, a similar insurance review form was distributed to the insured James A. English on which he marked through the name of then beneficiary Gloria B. English and added the name of Lizzie W. English before returning it to J. P. Stevens & Co. No change of beneficiary form was executed by James A. English after the return of this particular insurance review form and prior to his death on 19 July 1975.

By stipulation, the parties submitted that the sole issue to be determined by the court was whether the insurance review form signed and returned by James A. English during April or May 1975 was sufficient to change the beneficiary from defendant to plaintiff within the meaning of the policy requirement of "... giving written notice. . . ." The relevant policy provision reads as follows:

"You may designate anyone you wish as your beneficiary by filing such designation at the office of the group policyholder on a form satisfactory to the Provident. You may change your beneficiary at any time by giving written notice, and the change will become effective on the date the request is signed, except that the Provident is not liable for any payment made prior to the receipt of your request."

The trial court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment basing its decision on its findings that James English knew the procedure for changing beneficiaries, was aware of the official change of

beneficiary form and, by not filing this form, failed to effectuate his intent to change the beneficiary of his policy. Plaintiff appealed to this Court.

*Wells, Blossom & Burrows, by Richard L. Burrows, for the plaintiff.*

*Canoutas and Carter, by Stuart V. Carter, for the defendant.*

MARTIN, Judge.

In assigning error to the trial court's ruling on the respective motions for summary judgment, plaintiff contends in the first instance that the trial court went beyond the record and found facts — specifically, insured's intent — contrary to the function of the trial court on a motion for summary judgment. It is well established that on a motion for summary judgment the court is called upon not to decide issues of fact, but to determine whether there exists a genuine issue as to any material fact. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972); *Kessing v. Mortgage Co.*, 278 N.C. 523, 180 S.E. 2d 823 (1971); *Furst v. Loftin*, 29 N.C. App. 248, 224 S.E. 2d 641 (1976). However, in the instant case we find, and plaintiff does not contend otherwise, that the sole issue submitted by stipulation of the parties to the trial court was a proper question for summary judgment. Thus, the questionable findings of fact made by the trial court have no effect on this appeal and are irrelevant to our decision. See *Lee v. King*, 23 N.C. App. 640, 209 S.E. 2d 831 (1974).

The only question which this Court must now decide is whether the April/May 1975 insurance review form was sufficient to change the beneficiary under the insured's policy within the meaning of the policy requirement of "written notice." This presents an issue of law which must be determined by application of relevant insurance principles.

At the outset, we note that defendant appellee has relied extensively on the doctrine of "substantial compliance" as applied to change of beneficiary situations. This equitable principle is applicable where an insured, under an insurance policy providing *specific* and *clear* requirements for effectuating a change of beneficiary, has less than completely complied with these requirements in an attempt to change the beneficiary of his policy. Where it appears that the insured has done all that he reasonably could do to comply with the specific policy provisions but was unable to fully comply by reason of circumstances beyond his control, the courts will give effect to the intention of the insured and

hold that the change of beneficiary has been accomplished. *Meadows Fertilizer Co. v. Godley*, 204 N.C. 243, 167 S.E. 816 (1933); *Teague v. Pilot Life*, 200 N.C. 450, 157 S.E. 421 (1931); *Wooten v. Order of Odd Fellows*, 176 N.C. 52, 96 S.E. 654 (1918); *see* Annot., 19 A.L.R. 2d 5 (1951). Defendant argues, in support of the trial court's ruling, that insured failed to comply with specific policy requirements by not executing the change of beneficiary form and did not do *all* that he reasonably could do to comply with this requirement in that insured made no effort to file such a form in the nearly two months which transpired before his death.

It is plaintiff's contention that the foregoing application of the substantial compliance doctrine is based upon defendant's improper assumption that execution of the change of beneficiary form provided by Provident is specifically required to effectuate a change of beneficiary under the policy in question. She argues that a proper interpretation of the policy provisions relating to changing beneficiaries reveals that "written notice," signed and delivered to the employer, will effectuate a change of beneficiary. Accordingly, she contends that the insurance review form on which insured clearly designated plaintiff as beneficiary fully complied with the written notice requirement, and thereby entitles plaintiff to a judgment in her favor as a matter of law. We must agree.

A fundamental rule in the construction of insurance contracts is that common, nontechnical terms are to be given their plain and ordinary meanings, absent a special definition of the term in the policy. *Trust Co. v. Insurance Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970); *Peirson v. Insurance Co.*, 249 N.C. 580, 107 S.E. 2d 137 (1959); *DeBerry v. Insurance Co.*, 33 N.C. App. 639, 236 S.E. 2d 380 (1977). Examining the pertinent policy language in light of this rule, we are unable to hold that "written notice" must be restrictively construed to mean notice only on the forms provided by Provident. We are not unmindful of the language in the first sentence which authorizes an insured to designate a beneficiary by filing "a form satisfactory to the Provident." However, it does not follow that this same restriction is to be implied in the next sentence which speaks specifically to *changing* the beneficiary "by giving written notice." Moreover, language following the written notice requirement which provides that "the change [of beneficiary] will become effective on the date the request is signed . . ." is inconsistent with the notion that an official change of beneficiary form provided by Provident must be obtained and properly filed in order to effectuate a change of beneficiary.

In so construing the language of the policy before us, we hold that the issue submitted to the trial court should have been decided in plaintiff's favor. Accordingly, we reverse and remand the matter for entry of judgment in accordance with this opinion.

Reversed and remanded.

Judges PARKER and ARNOLD concur.