FIDELITY BANKERS LIFE INSURANCE COMPANY v. PATRICIA DORTCH, ANN C. DORTCH, ANN HUNTER DORTCH, ELIZABETH D. BESWICK AND CENTRAL BANK OF THE SOUTH, TRUSTEE FOR JOHN J. DORTCH RE- TIREMENT PLAN AND TRUST

No. 8518SC736

(Filed 4 February 1986)

1. Insurance § 29— life insurance proceeds—interpleader of claimants—deter-
mination based on equitable considerations

When an insurer interpleads the claimants to benefits under a policy, there is a waiver of the restriction and conditions regarding the changes of beneficiaries under the policy, and the court should then make a determination regarding who is entitled to the proceeds of the policy based upon equitable considerations.

2. Insurance § 29.1— life insurance—change of beneficiary—intent of insured

When determining who is entitled to the proceeds of a life insurance policy based upon equitable considerations, the court should first and foremost consider the intent or wishes of the insured regarding who was to benefit from the proceeds of the policy. In this case the trial court erred in awarding proceeds to insured's former wife, named beneficiary of the policy, where it was clear that insured intended for the benefits of the policy to be paid into his Keogh Plan established to benefit his wife and daughters, and he did all he could do to obtain this result, but this result was not accomplished because of the failure of the insured's trustee, the technical owner of the policy, to properly execute the insured's wishes.

APPEAL by defendants, Ann C. Dortch, Ann Hunter Dortch, Elizabeth D. Beswick and Central Bank of the South, from *DeRamus, Judge.* Judgment entered 21 March 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 5 December 1985.

On 19 October 1972 John J. Dortch acquired a life insurance policy from Fidelity Bankers Life Insurance Company in the face amount of $33,000. Patricia Dortch, Mr. Dortch's wife on that date, was designated the primary beneficiary under the policy. In November 1975, Mr. Dortch transferred ownership of the policy

to Central Bank of the South as trustee of his retirement or Keogh Plan which his law firm had established.

In April 1979 John Dortch and Patricia Dortch executed a separation agreement which provided that Mr. Dortch would retain Patricia Dortch as beneficiary of his retirement plan until he remarried, left the law firm or fulfilled his obligation to pay alimony. John and Patricia Dortch were divorced, and on 10 August 1980 Mr. Dortch married Ann Campbell Dortch. On 3 September 1980, Mr. Dortch properly executed a change of beneficiary form for the retirement account. On this form he designated Ann C. Dortch, Elizabeth D. Beswick and Ann Hunter Dortch as the beneficiaries under the Keogh Plan. The Keogh Plan was supposed to contain the proceeds from the Fidelity life insurance policy. The change of beneficiary form was delivered to a trust officer of Central Bank with instructions that the bank as trustee "take appropriate action with regards to the change." The bank received the form on 8 September 1980, however, no action was taken to change the beneficiary of the policy at that time.

On 9 April 1984 Mr. Dortch died. Patricia Dortch filed a claim for the benefits as designated beneficiary under the policy. Ann C. Dortch, Elizabeth D. Beswick and Ann Hunter Dortch filed claims for the benefits as designated beneficiaries under the Keogh Plan, and Central Bank filed a claim of benefits as trustee under the Keogh Plan. On 14 June 1984, Fidelity Life Insurance Company filed this interpleader action requesting that the court determine which of the defendants should receive the proceeds of the policy and asking that it be discharged from any further liability under the policy. On 15 June 1984, Central Bank forwarded Mr. Dortch's form changing beneficiaries under the plan. On 4 September 1984 Central Bank requested that the beneficiary under the policy be changed to the retirement plan.

On 21 March 1985, the trial court entered summary judgment awarding Patricia Dortch the proceeds of the policy. From this judgment, the other defendants appealed.

*Nichols, Caffrey, Hill, Evans & Murrelle, by Thomas C. Duncan and Douglas E. Wright, for defendant appellants.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Charles T. Hagan III, for defendant appellee.*

ARNOLD, Judge.

The issue presented for review is whether the court erred in allowing Patricia Dortch's motion for summary judgment and in denying the motion for summary judgment by Ann C. Dortch, Ann Hunter Dortch, Elizabeth D. Beswick and Central Bank of the South. Believing the trial court improperly awarded summary judgment in favor of Patricia Dortch, we reverse.

Provisions of an insurance policy which relate to the procedures that must be followed in order to change the beneficiaries under the policy are conditions which are inserted for the protection of the insurer, not to protect the original beneficiaries. *See, Sudan Temple v. Umphlett,* 246 N.C. 555, 99 S.E. 2d 791 (1957). The beneficiary designated under policies in which the owner reserves the right to make changes in the beneficiary had no vested rights under those policies. *See, Gray v. Insurance Co.,* 254 N.C. 286, 118 S.E. 2d 909 (1961). An insurer may waive any provisions inserted in the insurance contract solely for its benefit. *Bray v. Benefit Association,* 258 N.C. 419, 128 S.E. 2d 766 (1963); *Burgess v. Insurance Co.,* 44 N.C. App. 441, 261 S.E. 2d 234 (1980).

Some states have adopted a rule that restrictions or conditions regarding the formalities which must be followed to effect a change of beneficiary under the policy are waived when the insurer pays the proceeds of the insurance policy into court and interpleads the claimants to the proceeds. *Couch on Insurance* 2d (Rev. ed.) § 28:93. Under this rule the rights of the claimant are determined on equitable consideration rather than under the technical terms and conditions of the contract. *Id.* The provisions regarding change of beneficiaries are inserted to protect the insurer from becoming liable for double payments under the policy. When the insurer pays the proceeds into the court this negates the possibility that the insurer will be subjected to double liability, thus, there is no reason to enforce these restrictions. *See, New York Life Insurance Company v. Lawson,* 134 F. Supp. 63 (1955). The North Carolina courts have not spoken to the issue of whether this rule applies in this state. However, in *Sudan Temple v. Umphlett,* 246 N.C. 555, 99 S.E. 2d 791 (1957), our Supreme Court quoted this rule with approval before determining that they need not determine the effect of the interpleader action under the facts in that case.

[1]   North Carolina courts have consistently attempted to effectuate the intent of the insured in determining who is to receive the benefits under the policy. *See, Teague v. Insurance Co.*, 200 N.C. 450, 157 S.E. 421 (1931). In *English v. English*, 34 N.C. App. 193, 237 S.E. 2d 555, *disc. rev. denied*, 293 N.C. 740, 241 S.E. 2d 513 (1977), this Court enunciated the doctrine of "substantial compliance" as a method of effectuating the intent of the insured. The rule that filing an interpleader constitutes a waiver of the strict compliance with the requirement of the policy is also an effective method of insuring that the insured's wishes regarding who should receive the benefits of the policy are honored, while at the same time protecting the insurer from double liability under the policy. *See Dell v. Varnedoe*, 148 Ga. 91, 95 S.E. 977 (1918); *see also Cable v. Prudential*, 89 A.D. 2d 636, 453 N.Y.S. 2d 86 (1982). We believe this rule is a logical extension of the principle set forth in *Teague* and *English* that the intent of the insured should be carried out where practicable. Therefore, we adopt the rule that when an insurer interpleads the claimants to benefits under a policy there is a waiver of the restriction and conditions regarding the changes of beneficiaries under the policy, and the court should then make a determination regarding who is entitled to the proceeds of the policy based upon equitable considerations.

[2]   The polar star of the equitable considerations should be the intent or wishes of the insured regarding who was to benefit from the proceeds of the policy. In the case *sub judice* it is clear that the insured intended for the benefits of the policy to be paid into his Keogh Plan established to benefit his wife and daughters. The insured did all that he could do to obtain this result. The only reason this result was not accomplished was the failure of the insured's trustee, the technical owner of the policy, to properly execute the insured's wishes. Thus, we hold that the judgment awarding the proceeds of the policy to the insured's former wife must be reversed and the case remanded for entry of judgment consistent with this opinion.

Reversed and remanded.

Judges WELLS and PARKER concur.