846 F.2d 73
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Plaintiff,
v.
Stephanie G. SUAREZ, Defendant-Appellant,
Suzanne Shore, Larry Steve Shore, as the personal
representative of the decedent Suzanne Shore,
Defendant-Appellee.
 No. 87-1714.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1988.
Decided May 3, 1988.
 
 Bryan E. Lessley (Smith, Patterson, Follin, Curtis, James & Harkavy on brief) for appellant.
 Koy E. Dawkins (Dawkins & Lee, P.A., L.P. McLendon, Jr., R. Andrew Finkle, Brooks, Pierce, McLendon, Humphrey & Leonard on brief) for appellee.
 Before SPROUSE and ERVIN, Circuit Judges, and W. EARL BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Provident Life & Accident Insurance Company (Provident) filed this interpleader action to determine which of two claimants is entitled to the proceeds of a life insurance policy it issued to the decedent, Fernando Suarez, Jr. The claimants are Suarez' mother, Suzanne Shore, and his wife, Stephanie G. Suarez. Applying North Carolina law, the district court entered summary judgment in favor of Ms. Shore. Ms. Suarez appeals. We affirm.
 
 I.
 
 2
 The undisputed evidence developed through affidavits, interrogatories, and requests for admissions established that Provident issued a life insurance policy to Suarez in March 1982 under Provident's group policy with Suarez' employer, Food Lion, Inc.[1] Suarez was not married at the time, and he named his mother as the beneficiary of his policy. In August 1985, Suarez married Stephanie G. Suarez, and he informed his assistant manager that he wished to make his new wife the beneficiary of his policy.
 
 
 3
 At the assistant manager's direction, Suarez telephoned Food Lion's company office and requested a change of beneficiary form. He explained that he wanted to designate his wife as beneficiary to be effective on the date of their marriage. The office, in turn, supplied Suarez with a change of beneficiary form completed in all the respects he had requested except for a line requiring the signature of the insured.
 
 
 4
 Suarez took the form home, but for some reason he did not sign it. Instead, his wife signed the form on the line that required the signature of the insured. Suarez then returned to Food Lion and filed the improperly executed form with his employer. Thereafter, he made no intervening attempt to cure the deficiency.
 
 
 5
 Suarez died on June 17, 1986. His mother and his widow subsequently asserted competing claims to the proceeds of his life insurance. The policy in question provides in pertinent part:
 
 Beneficiary
 
 6
 .............................................................
 
 
 7
 ...................
 
 
 8
 * * *
 
 
 9
 Any Employee may designate a new beneficiary at any time by filing at the Office of the Group Policyholder a written request for such change satisfactory to the Insurance Company. Upon receipt of such request at the Office of the Group Policyholder the change will become effective as of the date the request was signed....
 
 II.
 
 10
 In the proceedings before the district court, Stephanie Suarez asserted that under North Carolina law, her husband's manifested intent and actions to designate her as his beneficiary substantially complied with the policy's requirements and therefore were binding as a completed legal act. The court held, however, that although the decedent expressed his intent to change his beneficiary, he did not substantially comply with the requirements necessary to effect the change. We agree with the district court's conclusion.
 
 
 11
 Under controlling North Carolina law, "an insurance policy is a contract and ... those persons entitled to the proceeds ... must be determined in accordance with the contract." Fidelity Bankers Life Insurance Co. v. Dortch, 348 S.E.2d 794, 796 (N.C.1986) (citations omitted). In Dortch, the North Carolina Supreme Court reaffirmed that it "has long recognized its duty to construe and enforce insurance policies as written, without rewriting the contract or disregarding the express language used." Id. (citing Industrial Center v. Liability Co., 155 S.E.2d 501 (N.C.1967)).
 
 
 12
 The policy in question here requires the performance of two basic acts that are necessary to effect a change of beneficiary: (1) the insured must file a written request for such a change; and (2) the insured must sign the written request. The policy states that "the change will become effective as of the date the request was signed." In view of the rule in Dortch, Suarez obviously did not satisfy the literal requirements of the policy.
 
 
 13
 Ms. Suarez contends, however, that her husband's attempt to designate her as beneficiary satisfied North Carolina's "substantial compliance" doctrine. As she correctly points out, the state follows the rule that where an insurance policy provides that a change of beneficiary "may be made in a particular way, the method prescribed should be followed; but if the insured has done substantially what is required of him, or what he is able to do, to effect a change of beneficiary, and all that remains to be done are ministerial acts, ... the change will take effect, though the formal details are not completed before the death of the insured." Wooten v. Grand United Order of Odd Fellows, 96 S.E. 654, 656 (1918). Analogizing the facts of this case to reported North Carolina decisions in which the substantial compliance doctrine was applied, Ms. Suarez maintains that her husband substantially complied with the requirements of his policy. We cannot agree.
 
 
 14
 In the first place, none of the four North Carolina decisions on which Ms. Suarez relies approaches the deviation from policy requirements present here.[2] In contrast, these decisions and many others provide that substantial compliance will be found only if the insured "has done all that he could to comply with the provisions of the policy." Teague, 157 S.E. at 424; see, e.q., Meadows Fertilizer Co. v. Godley, 167 S.E. 816, 817 (N.C.1933); English, 237 S.E.2d at 557. While it is true that Mr. Suarez manifested his intention to change his beneficiary, he obviously did not do "all that he could" to execute his intent. Both the policy and the change of beneficiary form put him on notice that his signature was required, and there was no evidence indicating that Mr. Suarez was unable to understand or otherwise comply with the requirement.
 
 
 15
 Contrary to Ms. Suarez' contentions,[3] moreover, we observe that the North Carolina decisions factually closest to the situation presented here suggest that the state courts would not find substantial compliance in this case. See Meadows Fertilizer Co.; Light v. Equitable Life Assurance Society of the United States, 286 S.E.2d 868 (N.C.App.1982).[4] Our review of these cases as well as those cited by Ms. Suarez reveals that the doctrine has been invoked principally to eliminate purely ministerial obligations. It has not been utilized to excuse clear requirements that memorialize the insured's intent, which were within his power to perform. While we do not hold that the omission of an insured decedent's signature will always defeat his intention to change his beneficiary, we are convinced that in the absence of Mr. Suarez' signature--or evidence of an attempt or inability to sign the document in question--North Carolina law precludes us from applying the doctrine of substantial compliance to cure the deficiency presented here.
 
 
 16
 AFFIRMED.
 
 
 17
 W. EARL BRITT, Chief District Judge, concurring:
 
 
 18
 In most American jurisdictions, an insurance company, by filing an interpleader action, waives the right to object to an insured's failure to comply with the change of beneficiary provisions in the insurance contract. 2A Appleman, Insurance Law and Practice, Sec. 1045 (2d ed. 1966). Furthermore, an original beneficiary cannot rely on an insured's failure to comply with the contractual terms once the insurance company has waived its contractual rights by filing an interpleader action. Mitchell v. Mitchell, 191 S.E.2d 587 (Ga.App.1972). Accordingly, "the matter is left to the determination of the court upon the relative rights and equities of the various claimants. If it appears that the insured actually attempted to make a valid change of beneficiary, the courts will give effect to his intention." 2A Appleman, Insurance Law and Practice, Sec. 1045 at 91 (2d ed. 1966) (footnote omitted).
 
 
 19
 The Supreme Court of North Carolina has never formally adopted the interpleader rule. However, the Court has addressed the issue on two occasions. Widows Fund of Sudan Temple v. Umphlett, 99 S.E.2d 791 (N.C.1957); Fidelity Bankers Life Insurance Co. v. Dortch, 348 S.E.2d 794 (N.C.1986). In Widows Fund of Sudan Temple v. Umphlett, the Supreme Court of North Carolina cited the interpleader rule with apparent favor. Nevertheless, the Court held that "[t]he undisputed facts in this case permit us to decide it without determining the effect of an interplea by an insurer...." Widows Funds of Sudan Temple v. Umphlett at 795.
 
 
 20
 In Fidelity Bankers Life Insurance Co. v. Dortch, the Supreme Court of North Carolina was called upon to review Fidelity Bankers Life Insurance Co. v. Dortch, 339 S.E.2d 38 (N.C.App.1986), a published opinion in which the Court of Appeals of North Carolina adopted the interpleader rule. The Court of Appeals held:
 
 
 21
 [W]e adopt the rule that when an insurer interpleads the claimants to benefits under a policy there is a waiver of the restriction and conditions regarding the changes of beneficiaries under the policy, and the court should then make a determination regarding who is entitled to the proceeds of the policy based upon equitable considerations.
 
 
 22
 The polar star of the equitable considerations should be the intent or wishes of the insured....
 
 
 23
 339 S.E.2d at 40. The Supreme Court reversed the decision of the lower court on grounds unrelated to the interpleader rule. The Supreme Court explained that it was neither adopting nor rejecting the rule. It concluded that "the facts of this case permit a decision without determining the effect of the interplea." 348 S.E.2d at 798.
 
 
 24
 It is possible, indeed likely, that the Supreme Court of North Carolina would adopt the interpleader rule if it were properly before it. Furthermore, the application of this rule would necessitate a reversal of the judgment below because the insured clearly intended to designate Ms. Suarez as the beneficiary under the policy. Unfortunately Ms. Suarez did not present a contention based on the interpleader rule to the court below or to this court. Instead she has relied entirely on the 'substantial compliance' doctrine. The court's application of that doctrine is clearly in accordance with North Carolina law. Accordingly, I must concur.
 
 
 
 [1]
 The decedent was an employee at Food Lion's High Point, North Carolina store. It is undisputed that North Carolina law governs in this diversity action
 
 
 [2]
 See Taylor v. Coburn, 162 S.E. 748 (N.C.1932) (plaintiffs entitled to proceeds of life insurance policy where it was given to them as a gift and they had assumed premium payments; substantial compliance doctrine not applied; policy requirements not discussed); Teaque v. Pilot Life Insurance Co., 157 S.E. 421 (N.C.1931) (substantial compliance found where insured properly signed written request to change beneficiary three days before death, but request not received by insurance company until after insured's death); Wooten, 96 S.E. 654 (1918) (policy required insertion of new beneficiary's name on its face; substantial compliance found where insured complied with all other policy requirements to change beneficiary, but could not produce original policy because it was lost and insurer had accepted insured's action as effecting change); English v. English, 237 S.E.2d 555 (N.C.App.), review denied, 241 S.E.2d 513 (N.C.1977) (substantial compliance found where insured signed written form indicating intent to change beneficiary; exclusive use of form provided by insurance company not required)
 
 
 [3]
 We, of course, do not mean to impugn Ms. Suarez' motives or actions. To hold that the doctrine of substantial compliance applies in these general situations, however, might open the door to possibilities of intentional abuse that are not present in this case
 
 
 [4]
 In Light, the insured intended to make his girlfriend the beneficiary of his life insurance policy, but he mistakenly failed to insert the policy number of his insurance where required on the change of beneficiary form. In all other respects he had executed the change form properly. The North Carolina Court of Appeals held that the insured's unilateral mistake prevented the girlfriend from recovering the policy's proceeds. 286 S.E.2d at 872-73
 In Meadows Fertilizer Co., the insured told his insurance agent that he wished to change his designated beneficiary, but as the Court noted in its syllabus, "[t]he insured did not sign an original request for change, or take any steps toward effecting it other than conversation with the agent." 167 S.E. at 816. Although the agent filed on the insured's behalf a request for a change of beneficiary form that named the person the insured had designated as the new beneficiary, the court rejected the claim of the alleged designee, concluding under the facts that the insured's conduct amounted to no more than "unexecuted intention," which did not arise to the level of substantial compliance. Id. at 818.