D. B. TEAGUE, TRUSTEE, v. PILOT LIFE INSURANCE COMPANY, T. J. McPHERSON, APPOINTED BY THE COURT TO REPRESENT THE ESTATE OF T. M. McDANIEL, DECEASED, ET AL.

(Filed 11 March, 1931.)

1. Insurance N a—Creditors of insured may not claim that change of beneficiary was fraudulent as to them.

A beneficiary in a policy of life insurance has only a contingent interest therein, and where the insured retains the right to change the beneficiary by the terms of the policy, he may do so, and where upon the death of the beneficiary the insured changes the beneficiary, in accordance with the terms of the policy, to a trustee for the use of certain creditors and

heirs at law of the insured, the other creditors may not claim that the change in the beneficiary was void as being fraudulent as to them. C. S., 6464.

2. **Same—In this case held: insured had substantially complied with provisions relating to change of beneficiary and change was effective.**

Where by the terms of a life insurance policy the insured retains the right to change the beneficiary therein by giving written notice to the company and surrendering the policy to it for endorsement, the provision for endorsement by the company is for the benefit of the company and may be waived by it, and where the insured has notified the local agents of the company in writing to change the beneficiary, there remaining only the endorsement by the company to effect the change, but the notification is not received by the company until after the death of the insured, *Held:* the insured has substantially complied with the provisions of the policy relating to the matter, and the change in beneficiary will be given effect.

APPEAL by defendants other than Pilot Life Insurance Company, from *Lyon, Emergency Judge,* at September Term, 1930, of LEE. Affirmed.

This is an action to recover on two policies of insurance issued by the defendant, Pilot Life Insurance Company, on the life of T. M. McDaniel, who died at his home near the town of Sanford, in Lee County, on 25 March, 1930.

At the death of the insured both said policies were in full force and effect according to their terms. The amount due and payable on account of both said policies was $3,967.48. Without objection, this sum of money was paid by the defendant, Pilot Life Insurance Company, into the office of the clerk of the Superior Court after the commencement of the action. The said sum of money is held by the said clerk, awaiting the determination of this action as between the plaintiff and the other defendants.

The beneficiary named in each of said policies of insurance, at the date of their issuance, was Charity McDaniel, wife of the insured, T. M. McDaniel. She died about three years prior to the death of her husband. Each of said policies contained a provision as follows:

"Change of Beneficiary. Subject to the interest of any assignee, provided the right to change the beneficiary has not been waived, the insured may change and successively change the beneficiary or beneficiaries by notice to the company, at its home office in writing, accompanied by this policy, such change to become effective only when endorsed hereon by the company. If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured, unless otherwise expressly provided herein. If no beneficiary is living at the death of the insured, the proceeds of this policy shall be payable to the executors, administrators or assigns of the insured."

Neither of said policies had been assigned by the insured prior to his death, except to the defendant, Pilot Life Insurance Company, to secure loans made to the insured by said company according to its terms. The insured had not waived the right reserved in each of said policies to change the beneficiary as provided therein. At the death of insured both said policies were in the possession of the defendant, Pilot Life Insurance Company, at its home office in Greensboro, N. C.

On Saturday, 22 March, 1930, the insured, T. M. McDaniel, at his home near the town of Sanford, in Lee County, signed certain paper-writings, addressed to the defendant, Pilot Life Insurance Company, at Greensboro, N. C., by which the said insured requested the said company to change the beneficiary in each of said policies from Charity McDaniel, his wife, to D. B. Teague, trustee, for the use and benefit of his children and certain creditors as set out in his last will and testament of even date with said paper-writings.

The third item of the last will and testament of T. M. McDaniel, executed by him on 22 March, 1930, in so far as same is pertinent to the question involved in this action, is as follows:

"Whereas, I hold certain life insurance policies in Pilot Life Insurance Company of Greensboro, N. C., and my wife has heretofore been the beneficiary of said policies, and she is now deceased, and I desire to change my beneficiary to the end that the proceeds of said policies may be applied to certain purposes, and I have made my friend, D. B. Teague, beneficiary of said policies as trustee, I hereby authorize, empower and direct said D. B. Teague, as beneficiary and trustee of said policies to collect said life insurance after my death, and pay out the proceeds thereof as follows:

(a) Pay my note in the sum of $250, and accrued interest thereon held by the Page Trust Company of Sanford, N. C.

(b) Pay B. H. Jones the sum I am owing him, amounting to about eighty dollars.

(c) Pay my funeral expenses and all expenses incident thereto.

(d) Pay my nurses and doctors' bills that have accrued within three years immediately preceding my death.

(e) To use the residue of my life insurance for the use and benefit of my eight children, according to their needs and with regard to their ages, the youngest of said children to receive preferential treatment according to their needs and tender age in order that they may have an equal chance with my other children, giving and granting unto my said trustee, D. B. Teague, full power and authority to decide and determine what allowance shall be made to each of my said minor children, as well as to my children who are of age, and authorizing him, if he cannot satisfactorily decide upon said question, to call in two additional arbi-

trators, and the decision of my said trustee and the other additional arbitrators shall be final as to the proper distribution and division among my said children. . . . It is my further wish and desire that the proceeds from my said insurance policies shall be a separate and distinct fund from my other property, and shall be used exclusively for the specific purposes and in the manner set out in this item of my will, and not otherwise."

The paper-writings signed by T. M. McDaniel contemporaneously with the execution of his last will and testament, at his home near Sanford, N. C., were delivered by him to D. B. Teague, who at his request delivered the same to the local agent of the defendant, Pilot Life Insurance Company, at Sanford, about 9 o'clock, on Saturday night, 22 March, 1930, and were forwarded by said local agent, by mail, to the general agent of the defendant company, at Greensboro, N. C. The said paper-writings were received by the said general agent at Greensboro, on 25 March, 1930. They were not delivered to the defendant company at its home office in Greensboro, N. C., until after the death of the insured, on Tuesday, 25 March, 1930. The defendant company has not endorsed on either policy a change of the beneficiary therein, as requested by the insured. According to the terms of each policy, the amount due thereon at the death of the insured was payable to his executor or administrator, the beneficiary named therein having died prior to the death of the insured.

After the death of T. M. McDaniel on 25 March, 1930, his last will and testament executed on 22 March, 1930, was duly probated and recorded. D. B. Teague, named therein as trustee and also as executor of the testator, has duly qualified for the discharge of his duties as such executor. The defendant, Pilot Life Insurance Company, thereafter tendered to the said D. B. Teague its check for $3,967.48, payable to "D. B. Teague, trustee and executor," in settlement of the amount due on the policies issued by said defendant on the life of T. M. McDaniel. This check was declined, and thereafter the plaintiff, D. B. Teague, trustee, as beneficiary in the said policies of insurance, instituted this action. Without objection the defendant, T. J. McPherson, was appointed by the court to represent the estate of T. M. McDaniel, deceased, in this action. Certain unsecured creditors of said estate were also made defendants in this action, without objection. At his death, T. M. McDaniel, left surviving eight children, all of whom, except one, are under the age of twenty-one.

The action was heard on a demurrer, filed by the defendants other than the Pilot Life Insurance Company, to the complaint. By their demurrer said defendants challenge the right of the plaintiff to recover in this action on the facts alleged in the complaint, which are substantially as above stated. The demurrer was overruled.

From judgment overruling the demurrer, and granting leave to the defendants to file an answer to the complaint, said defendants appealed to the Supreme Court.

*Gavin, Teague & Byerly and Williams & Williams for plaintiff.*
*A. A. F. Seawell, T. J. McPherson and Hoyle & Hoyle for defendants.*

CONNOR, J. Charity McDaniel, wife of the insured, and beneficiary in each of the policies of insurance issued by the Pilot Life Insurance Company on the life of T. M. McDaniel, her husband, at the date of their issuance, died before the death of the insured. By the terms of said policies, her interest therein at her death vested in the insured, who survived her, subject, however, to his right thereafter to change the beneficiary in accordance with the provisions of said policies. If no change of beneficiary was thereafter made by the insured, at his death the amounts due on the policies were payable, according to the terms of the policies, to the executor or administrator of the insured, to be administered by such executor or administrator as assets of the estate of the insured. In that case, the said amounts would be applied first to the payment of claims of creditors of T. M. McDaniel, deceased.

The contention of the defendants on their appeal to this Court, that if upon the facts alleged in the complaint and admitted by their demurrer, a change of beneficiary in both of the policies of insurance sued on in this action was made by the insured, by which the plaintiff became the beneficiary in both policies, such change was void as to the creditors of the insured, cannot be sustained. It is provided by statute in this State that "when a policy of insurance is effected by any person on his own life, or on the life of another in favor of some person other than himself, having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, is entitled to the proceeds against the creditors and representatives of the person effecting the insurance." C. S., 6464. By reason of the provisions of this statute, it was held in *Pearsall v. Bloodworth,* 194 N. C., 628, 140 S. E., 303, that where the insured in a policy of life insurance, payable at his death to his estate, procured a change of beneficiary in said policy in accordance with its provisions, by which his wife became the beneficiary, such change was not void as against creditors although at the date of the change made at his request, the insured was insolvent. The insurable interest covered by a policy of insurance on the life of the insured, who applied for and paid the premiums on the insurance, is the interest which the insured has in his own life; the amount due by the terms of the policy is indemnity for the loss which the insured sustains by his death, and is payable to the beneficiary not as an indemnity for his

loss by the death of the insured, but as a bounty in accordance with the direction of the insured. *Howell v. Ins. Co.*, 189 N. C., 212, 126 S. E., 603. In the instant case, if the plaintiff is the lawful beneficiary in the policies of insurance issued by the Pilot Insurance Company on the life of the insured, he is entitled to the proceeds of said policies as trustee and not as executor of T. M. McDaniel, deceased. In that case, the creditors of the insured have no interest in the proceeds of the policies.

Defendants contend, however, that on the facts alleged in the complaint, plaintiff is not the beneficiary in said policies, and is therefore not entitled to recover in this action, for the reason that the requests, in writing, of the insured that the beneficiary in said policies be changed from Charity McDaniel, his wife, to the plaintiff, was not received by the Pilot Life Insurance Company, at its home office, until after the death of the insured, and that the change of beneficiary requested by the insured was not endorsed on either policy by said company.

Each policy provides, in effect, that no change of beneficiary by the insured, as authorized by its provisions, shall become effective until notice in writing of such change, accompanied by the policy, has been received by the company, at its home office, and such change has been endorsed on the policy by the company. This provision is manifestly for the protection of the company; in the event of the death of the insured, while the policy is in full force and effect, the company is thus advised as to who is lawfully entitled to the amount due on account of the policy, and may pay such amount to such person, and thereby be discharged of liability under the policy. It has been held by this Court that where there has been a substantial compliance by both the insured and the company with a provision in a policy of life insurance, authorizing a change of beneficiary therein by the insured, the change is effected, and a payment by the company of the amount due under the policy to the new beneficiary, will discharge the company of liability to the original beneficiary. *Wooten v. Order of Odd Fellows*, 176 N. C., 52, 96 S. E., 654. In his opinion in that case, *Walker, J.*, with his usual fullness and accuracy, declares the law to be as follows:

"It is now considered that an insurance company may make reasonable rules and regulations by which the insured may change the beneficiary named in the policy of insurance, or his certificate in case of benefit societies, and that such rules and regulations become a part of the contract. Where the policy or rule of the company, or society, provides that such change may be made in a particular way, the method prescribed should be followed, but if the insured has done substantially what is required of him, or what he is able to do, to effect a change of

beneficiary, and all that remains to be done are ministerial acts of the association, the change will take effect, though the formal details are not completed before the death of the insured. It must be understood, however, that some affirmative act on the part of the insured to change the beneficiary is required, as his mere unexecuted intention will not suffice to work such a change. When the right to substitute another beneficiary exists by express reservation, or otherwise, the insured or member of a benefit society, may, without the consent of the original beneficiary, and subject only to the rules of the association, change his beneficiary at will. *Pollock v. Household of Ruth,* 150 N. C., 211, 63 S. E., 940. This is true, because the beneficiary whose right, under the policy or certificate, may thus be taken away, has only a contingent interest therein, which will not vest until the death of the insured. The revocation of his appointment as beneficiary does not require his consent, as the power to displace him is vested solely in the insured, provided he proceeds in substantial compliance with the rules of the association, which may be waived by the company or society, where they are made for its benefit or protection."

The law in other jurisdictions, applicable to the decision of the question presented by this appeal, is stated in 37 C. J., at p. 584, in section 350(b). The text in this section is supported by abundant citations of authoritative judicial decisions. It is there said: "On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company, but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible, or where he sent both the policy and a proper written notice or request and all that remained to be done were certain formal and ministerial acts on the part of the company, such as the endorsement of the change on the policy, and these acts were either not done at all or were done after the death of insured."

On the facts alleged in the complaint in the instant case, the judgment overruling the demurrer is sustained, on the authority of *Wooten v. Odd Fellows, supra,* and in accordance with principles of law generally recognized as just and equitable. See *State Mutual Life Asso. v. Bessett et al.,* 41 R. I., 54, 102 Atl., 727, L. R. A., 1918c, 961. The judgment is

Affirmed.