## DETROIT TOOL AND ENGINEERING COMPANY, a corporation, Plaintiff-Respondent,

v.

### Richard L. MARTIN, et al., Defendants-Appellants.

### No. 12323.

Missouri Court of Appeals, Southern District, Division One.

Oct. 6, 1982.

David E. Wilhite, Donnelly, Baldwin and Wilhite, Lebanon, for plaintiff-respondent.

Randall R. Sutter, Lebanon, for defendants-appellants.

TITUS, Judge.

Defendants Richard and Janet Martin, together with their three children and spouses, were found to be in default in the instant cause filed by plaintiff in the Circuit Court of Laclede County. Only defendants Richard and Janet have appealed.

Richard had been employed by plaintiff as its marketing and regional manager of car wash equipment sales until it was discovered that Richard had been using money from plaintiff's business to make loan payments on and to purchase fixtures for a home owned by Richard and Janet. Plaintiff obtained a $157,000 judgment against Richard for embezzlement, conversion and other damages. While this suit was pending, Richard and Janet conveyed a two-sixths interest in their real estate to their three children and spouses. Thereafter, plaintiff instituted the present suit to set aside the conveyance of the two-sixths interest in the real estate and to impose a constructive trust in plaintiff's favor against the property.

Personal service was attempted on the defendants but was obtained only on one daughter and her husband. Plaintiff then obtained an Order of Publication and publication thereof appeared four times in the Lebanon Daily Record during July 1980. Plaintiff's Motion for Default Judgment was filed August 21, 1980. Previously plaintiff's lawyer had received a letter dated May 13, 1980, from Victor S. Eriksen, a San Diego, California, attorney. Mr. Eriksen advised that he represented Richard and possessed the copy of the summons and plaintiff's petition previously served on the daughter and spouse. California counsel asked to be advised of the status of the litigation and whether plaintiff would consider "some alternative disposition of the case." Later, Mr. Eriksen forwarded a copy of this letter to the Circuit Clerk of Laclede County who filed it in the case.

Following receipt of Mr. Eriksen's first letter, counsel for plaintiff corresponded with the California lawyer and sent him a copy of the Order of Publication which indicated the deadline for filing responsive pleadings to the petition was August 16, 1980. A copy of the letter of plaintiff's attorney dated August 21, 1980, to the circuit clerk advising that plaintiff planned to call his Motion for Default Judgment "up for hearing at 9:00 A.M. September 4, 1980," was sent to Mr. Eriksen. Under date of August 28, 1980, Mr. Eriksen wrote the circuit clerk enclosing "Response to Petition." The letter asked the clerk to provide Eriksen's "office with a conformed [sic] copy of the response." Although the re-

sponse/answer described Richard and Janet as "Attorneys In Propria Persona," the address given on the pleading was the address of Mr. Eriksen's law office in San Diego. This answer was received and filed by the clerk on September 2, 1980.

The day following the clerk's receipt of Mr. Eriksen's letter and response, i.e., September 3, 1980, Randy Sutter, a Lebanon, Missouri, attorney, contacted the trial judge to advise that he would file an Application to File Answer Out of Time. Such an application and an answer of Richard and Janet were filed September 4, 1980, that being the same date the court, as previously scheduled, held a hearing on plaintiff's Motion for Default Judgment. Because of a prior commitment, Mr. Sutter did not appear. Following the hearing, the court denied the Application to File Answer Out of Time and granted plaintiff an interlocutory judgment against all defendants. The court set September 23, 1980, to provide defendants an opportunity to personally appear and show cause why final judgment should not be entered. On that date on behalf of all defendants, Mr. Sutter filed an Application to File Answer Out of Time and Motion to Set Aside Interlocutory Judgment. It is of interest to note that in both these pleadings, the California lawyer, Victor S. Eriksen, was described as the attorney for the defendants.

At the September 23, 1980, hearing Richard and Janet appeared personally and by their attorney Mr. Sutter. Only Richard testified. However, he was never asked concerning nor did he volunteer any testimony anent his or the other defendants' failure to file responsive pleadings or otherwise defend the case within the time provided by rule and statute. Subsequently default judgment was finally entered in the case on June 10, 1981, and Richard and Janet appealed.

The lone point relied on by Richard and Janet in their appeal is: "The trial court erred in overruling Defendant's [sic] motion to set aside default judgment because the court must set aside such judgment following constructive service when a timely, veri-

fied, petition for review is filed showing a valid and meritorious defense coupled with an answer to the original petition."

We do not comprehend the point because, as seen from our recitation of the pleadings filed by and on behalf of Richard and Janet, no petition for review was ever filed. Moreover, a petition for review under Rule 74.12 et seq., V.A.M.R., is available only to a defendant who shall neither have been summoned personally nor have appeared to the suit or filed any responsive pleading in the action. Procedure—Setting Aside Final Judgments in Missouri, 28 Mo. L.Rev., at pp. 283–286. The filing of any pleading in court not going to its jurisdiction, constitutes a general appearance. 6 C.J.S. Appearances § 19, pp. 24–26. As an attorney is the alter ego of his clients, his appearance in a cause is considered as having been done by authority of his clients. *State ex rel. A.M.T. v. Weinstein,* 411 S.W.2d 267, 272[5, 6] (Mo.App.1967). Also, if the tardy filing of the "Response to Petition" (answer) be laid to the neglect or oversight of California counsel for Richard and Janet, this does not excuse Richard and Janet because the negligence of an attorney is the negligence of his clients. *Hamm v. Hamm,* 437 S.W.2d 449, 454[10] (Mo.App. 1969).

Irrespective of whether the California lawyer was counsel for Richard and Janet in his dealings with plaintiff's counsel and thus subjected them to the jurisdiction of the Circuit Court of Laclede County, the fact remains that Richard and Janet, as attorneys in propria persona, did, in fact, appear in the cause before the interlocutory and final judgments by filing a responsive pleading and by making a personal appearance. We rule that in light of the circumstances, Rule 74.12 et seq. offer no succor for appellants. Moreover, the application to file answer out of time, filed with the Lebanon attorney's answer, did not prove itself. It was not verified, no affidavit in support thereof was filed and the only testimony offered via Richard concerned his present and past addresses of those of the other defendants. A prerequisite to obtain,

via motion or application, relief to file a motion out of time or motion to set aside a default judgment, neither of which prove themselves, is some proof that defendants (1) had good reason or excuse for the default and (2) had a meritorious defense to the action. *Gorzel v. Orlamander,* 352 S.W.2d 675, 678[2] (Mo.1961); *Davis v. Moore,* 610 S.W.2d 665, 669[4] (Mo.App. 1980). As the application filed only stated that a "valid and meritorious defense to the case exists," a mere conclusion in itself, and nowhere undertook to suggest or hint regarding any good reason or excuse for defendant's default, we can find no abuse of discretion on the part of the trial court.

Judgment affirmed.

GREENE, P.J., and FLANIGAN, J., concur.