FIDELITY BANKERS LIFE INSURANCE COMPANY v. PATRICIA DORTCH, ANN C. DORTCH, ANN HUNTER DORTCH, ELIZABETH D. BESWICK AND CENTRAL BANK OF THE SOUTH, TRUSTEE FOR JOHN J. DORTCH RETIREMENT PLAN AND TRUST

No. 132PA86

(Filed 7 October 1986)

Insurance § 29.1— life insurance—ownership transferred to Keogh trustee—subsequent change of beneficiary not valid

The trial court properly granted summary judgment for Patricia Dortch where John Dortch purchased a life insurance policy in 1972 and designated Patricia Dortch, then his wife, as beneficiary; Mr. Dortch assigned the policy in 1975 to a Keogh retirement plan and transferred ownership of the policy to the Central Bank of the South, the trustee of the plan; John and Patricia Dortch executed a separation agreement in 1979; Mr. Dortch remarried in 1980 and completed a change of beneficiary form for the Keogh plan designating his new wife and two daughters as beneficiaries; the plan administrator submitted the form to the bank; and the bank took no action to change the beneficiary before Mr. Dortch's death in 1984. The express language of the policy created a distinction between the policy owner and the person whose life was to be insured, the power to change beneficiaries falls squarely into the category of rights and privileges which the owner has the authority to exercise, Mr. Dortch unequivocally conveyed ownership to the bank, only the bank could effectively change beneficiaries after the transfer, and the bank could not do so after Mr. Dortch died and Patricia Dortch acquired vested rights to policy benefits.

ON defendant Patricia Dortch's petition for discretionary review of the decision of the Court of Appeals, 79 N.C. App. 148, 339 S.E. 2d 38 (1986), which reversed the summary judgment entered in her favor by *DeRamus, J.,* at the 18 March 1985 session of Superior Court, GUILFORD County, and remanded the case for entry of judgment consistent with the opinion of the Court of Appeals. Heard in the Supreme Court 11 September 1986.

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Charles T. Hagan III, for defendant-appellant, Patricia Dortch.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Thomas C. Duncan and Douglas E. Wright, for defendant-appellees.*

MARTIN, Justice.

Plaintiff filed this interpleader action requesting that the trial court determine which of the defendant claimants is entitled to the proceeds of a life insurance policy issued by plaintiff to John J. Dortch. The trial court granted summary judgment in favor of defendant Patricia Dortch, former wife of the insured. The Court of Appeals reversed and remanded for judgment consistent with the expressed intent of the insured to provide defendants Ann C. Dortch, Elizabeth D. Beswick, and Ann Hunter Dortch (his second wife and two daughters) with the benefits of the insurance. For reasons explained below, we believe the trial judge properly granted summary judgment for Patricia Dortch and, accordingly, we reverse the Court of Appeals.

The record establishes that John J. Dortch purchased a life insurance policy from Fidelity Bankers Life Insurance Company (Fidelity) in 1972 and designated Patricia Dortch, his wife at that time, as primary beneficiary. In 1975 Mr. Dortch assigned the policy to a Keogh retirement plan set up by the law firm where he was employed. Mr. Dortch also transferred ownership of the policy to Central Bank of the South (Central Bank), trustee of the Keogh Plan. He accomplished this transfer by submitting the appropriate forms to Fidelity, and Central Bank paid all premiums on the policy thereafter.

In April 1979 John and Patricia Dortch executed a separation agreement under which Patricia Dortch would remain the beneficiary of the Keogh Plan until Mr. Dortch remarried, left the law

firm, or fulfilled his alimony obligation. Subsequently, John and Patricia Dortch divorced. In August 1980 Mr. Dortch married Ann Campbell. Mr. Dortch completed a change of beneficiary form for the Keogh Plan on 3 September 1980, designating his new wife, Ann C. Dortch, and his daughters, Elizabeth D. Beswick and Ann Hunter Dortch, as beneficiaries under the plan. The plan administrator submitted the form to trustee Central Bank. Though the bank received the form on 8 September 1980, it took no action then to change the beneficiary of the insurance policy.

Mr. Dortch died on 9 April 1984. Patricia Dortch filed a claim for benefits as designated beneficiary under the insurance policy. Ann C. Dortch, Elizabeth D. Beswick, and Ann Hunter Dortch filed claims as designated beneficiaries under the Keogh Plan. Central Bank filed a claim as trustee of the Keogh Plan. On 14 June 1984 Fidelity instituted this interpleader action asking the court to determine which of the claimants would be entitled to the policy proceeds. On 15 June 1984 Central Bank submitted to Fidelity the Keogh Plan change of beneficiary form that Mr. Dortch had completed. On 4 September 1984 Central Bank submitted to Fidelity an insurance policy change of beneficiary form completed by the bank, purporting to name the Keogh Plan as beneficiary of the policy.

We first note the well-settled principle that an insurance policy is a contract and its provisions govern the rights and duties of the parties thereto. *Harrelson v. Insurance Co.*, 272 N.C. 603, 158 S.E. 2d 812 (1968); *Insurance Co. v. Insurance Co.*, 269 N.C. 341, 152 S.E. 2d 436 (1967); *McNeal v. Insurance Co.*, 192 N.C. 450, 135 S.E. 300 (1926). It follows from this rule that those persons entitled to the proceeds of a life insurance policy must be determined in accordance with the contract. *Bullock v. Insurance Co.*, 234 N.C. 254, 67 S.E. 2d 71 (1951); *Parker v. Potter*, 200 N.C. 348, 157 S.E. 68 (1931).

In making such a determination, the intention of the parties controls any interpretation or construction of the contract, and intention must be derived from the language employed. *Lineberry v. Trust Co.*, 238 N.C. 264, 77 S.E. 2d 652 (1953). This Court has long recognized its duty to construe and enforce insurance policies as written, without rewriting the contract or disregarding the express language used. *Industrial Center v. Liability Co.*, 271

N.C. 158, 155 S.E. 2d 501 (1967). The duty is a solemn one, for it seeks to preserve the fundamental right of freedom of contract. *See Muncie v. Insurance Co.*, 253 N.C. 74, 116 S.E. 2d 474 (1960); U.S. Const. art. I, § 10. Only when the contract is ambiguous does strict construction become inappropriate. *Duke v. Insurance Co.*, 286 N.C. 244, 210 S.E. 2d 187 (1974), *reh'g denied*, 286 N.C. 547 (1975); *Williams v. Insurance Co.*, 269 N.C. 235, 152 S.E. 2d 102 (1967).

Having reviewed the applicable maxims, we turn to the contract underlying this dispute. The policy contains these pertinent general provisions:

OWNERSHIP. The owner shall be as designated in the application for this policy unless ownership is changed in accordance with the provision "CHANGE OF OWNERSHIP OR BENEFICIARY." During the lifetime of the Insured, the Owner shall be entitled exclusively to all rights and privileges of this policy unless otherwise provided by written request.

. . . .

CHANGE OF OWNERSHIP OR BENEFICIARY. Any change in the designation of the Owner or Beneficiary, other than an irrevocable beneficiary, may be made during the lifetime of the Insured while this policy is in force by written notice satisfactory to the Company. Upon receipt of the notice, the change shall be effective as of the date on which the notice was signed whether or not the Insured is living on the day of receipt, subject to any payment made or action taken by the Company before receipt of the notice.

Clearly, the express language of the policy creates a distinction between the policy owner and the person whose life is to be insured, apparently contemplating situations in which ownership is transferred by the insured to a third party. The distinction is a crucial one, for the owner of an insurance policy acquires the authority to exercise any rights or privileges granted therein, even though another party originally contracted for the policy. *See* 2 J. Appleman & J. Appleman, *Insurance Law and Practice* § 771 (rev. ed. 1966). The power to change beneficiaries falls squarely into the category of rights and privileges under the contract. Consequently, it must be recognized that the owner is the

only person who can exercise this power, even though the owner is not the insured. 5 Couch on Insurance 2d § 28:37 (rev. ed. 1984); *see Barden v. Insurance Co.*, 41 N.C. App. 135, 254 S.E. 2d 271, *disc. rev. denied*, 297 N.C. 608, 257 S.E. 2d 216 (1979).

The Dortch policy does not alter these rules but merely makes them explicit. We find the policy language patently unambiguous: *all* rights and privileges are to vest *exclusively* in the owner. Nowhere does the policy imply that the insured himself holds any contractual rights. Indeed the insured plays a limited role under the contract, functioning primarily as the measuring life for determining the duration of the policy owner's rights.

Mr. Dortch, in full compliance with the provision allowing such a transfer, unequivocally conveyed ownership to Central Bank. The record does not indicate that Mr. Dortch attempted to reserve any rights to himself at that time. Thus, once transfer of ownership was executed, all rights and privileges vested in Central Bank. While the Keogh Plan form filled out by Mr. Dortch in 1980 may have demonstrated his intent to change policy beneficiaries, it nonetheless failed to achieve that result, as any attempt by Mr. Dortch to exercise the power to change beneficiaries was entirely ineffectual after the 1975 transfer. Only Central Bank, in its capacity as owner, could effectively make a change. Uncontroverted evidence shows that the bank's sole effort in this regard occurred some months after Mr. Dortch died, when the bank executed the appropriate policy change of beneficiary form and submitted it to Fidelity. This action, however, came too late.

Under a contract granting the power to change beneficiaries, the rights of the designated beneficiary do not vest until the death of the insured. *Harrison v. Winstead*, 251 N.C. 113, 110 S.E. 2d 903 (1959); *Russell v. Owen*, 203 N.C. 262, 165 S.E. 687 (1932). Because no change of beneficiary was attempted by Central Bank during Mr. Dortch's lifetime, Patricia Dortch remained the designated beneficiary when he died and she acquired vested rights to policy benefits at that time. Central Bank's post-mortem change of beneficiary necessarily failed as against a prior vested right. Again, the policy itself, which requires that changes occur during the lifetime of the insured, is consistent with the rule of law. As no genuine issue of material fact exists on the question of entitlement to the proceeds, the trial judge properly granted Patricia Dortch's motion for summary judgment.

The Court of Appeals, in reaching the opposite conclusion, adopted the rule that an insurer waives any formalities required for a change of beneficiary under its policy when it chooses to interplead the claimants. This rule rests upon the notion that such formalities function primarily to protect the insurer from double liability and, because the interpleader action serves the same protective purpose, strict construction of the contract becomes unnecessary. The Court of Appeals held that application of the rule to this case would rightfully allow the intent of Mr. Dortch to control.

We believe that the interpleader rule is inapplicable to the facts at hand and cannot be relied upon in this case. A careful reading of this Court's concise analysis of the rule in *Sudan Temple v. Umphlett*, 246 N.C. 555, 99 S.E. 2d 791 (1957), proves illuminating. This Court pointedly remarked that an insurance company's waiver of formalities "does not impair any *vested* right which the original beneficiary had. It is but a recognition that the insurer had, *in the lifetime of the insured*, consented to a change in its contract between them." *Id.* at 560, 99 S.E. 2d at 794-95 (emphases added). We stress, as before, that the interest of Patricia Dortch under the policy ripened upon the death of Mr. Dortch. Because the interpleader rule was not designed to defeat vested rights, the facts of this case permit a decision without determining the effect of the interplea.

Similarly, we need not reach appellees' contention that application of the doctrine of substantial compliance mandates an award in their favor. Under that doctrine, affirmative acts demonstrating an intent to change beneficiaries which are not in strict compliance with policy formalities nevertheless may guide the court in distributing insurance proceeds. *Teague v. Insurance Co.*, 200 N.C. 450, 157 S.E. 421 (1931). Like the interpleader rule, though, substantial compliance can be successfully applied only to those changes attempted during the lifetime of the insured, before the interest of the designated beneficiary vests. We observe in passing that the cases cited by appellees all involve some affirmative act performed by the insured before his death. In each case the insured was also the owner of the policy and could legitimately exercise the rights thereunder. *Woodell v. Insurance Co.*, 214 N.C. 496, 199 S.E. 719 (1938); *Fertilizer Co. v. Godley*, 204 N.C. 243, 167 S.E. 816 (1933); *Teague v. Insurance Co.*, 200 N.C. 450,

157 S.E. 421; *Light v. Equitable Life Assurance Society*, 56 N.C. App. 26, 286 S.E. 2d 868 (1982). Because Central Bank, as the party with power to change beneficiaries, performed no affirmative acts prior to Mr. Dortch's death, the doctrine of substantial compliance is irrelevant to this case.

We conclude that the policy language requiring the owner to make any changes in the policy beneficiary during the lifetime of the insured is unambiguous and that Central Bank did not act in a timely manner to supplant Patricia Dortch as beneficiary. The trial judge correctly entered summary judgment for Patricia Dortch.

The decision of the Court of Appeals is reversed and the case is remanded to that court for further remand to the trial court for reinstatement of the judgment.

Reversed and remanded.