KENTUCKY CENTRAL LIFE
INSURANCE COMPANY,
Plaintiff,

v.

Sarah M. VOLLENWEIDER,
Defendant/Appellant,

Lia V. Franklin and Stanley K.
Vollenweider, Defendants,

Maurice J. Schwab,
Defendant/Respondent.

No. WD 45956.

Missouri Court of Appeals,
Western District.

Nov. 3, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 22, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Michael W. Manners, Independence, for appellant.

Gardiner Blaine Davis, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

FENNER, Presiding Judge.

Appellant, Sarah M. Vollenweider, appeals the trial court's determination, by way of summary judgment, that respondent, Maurice J. Schwab, is entitled to the proceeds of an insurance policy issued by Kentucky Central Life Insurance Company (Kentucky Central) on the life of Robert K. Vollenweider.

In December of 1986, Dorothy Vollenweider applied to Kentucky Central for a life insurance policy on the life of her then husband, Robert Vollenweider. On February 1, 1987, Kentucky Central issued the policy in question here on the life of Robert Vollenweider. Dorothy Vollenweider was designated as the owner of the policy. Dorothy was also designated as the primary beneficiary of the policy with her estate being the contingent beneficiary.

The policy further provided in part as follows:

Before the insured's death, the Policyowner owns the Policy and is entitled to exercise all rights granted by the Policy.... We will endorse the policy to reflect any change of ownership made during the insured's lifetime and of which we have notice. If the Policyholder dies before the insured, ownership passes to the executor or administrator of his or her estate unless provision was made for another person to become the Policyowner in that event.

Dorothy Vollenweider died on March 24, 1988. Prior to her death, Dorothy had executed a will which named Robert Vollenweider as the sole devisee and personal representative of her estate. Dorothy's will was not admitted to probate until March 16, 1990, which was after Robert Vollenweider's death on January 22, 1990.

Prior to his death, Robert Vollenweider executed a Kentucky Central WP–54A Request for Change Form on April 28, 1988. This form purportedly operated to change both the owner of the policy and the beneficiary of the policy to Robert's children, Lia Vollenweider Franklin and Stanley K. Vollenweider, in equal shares. Robert's request was approved by Kentucky Central on May 17, 1988.

Thereafter, on November 25, 1988, Robert was remarried to appellant, Sarah Vollenweider. After his marriage to Sarah, Robert obtained another WP–54A Request for Change Form. This second form purported to change the beneficiary of the policy to Sarah Vollenweider and the owner of the policy to Robert Vollenweider. This form was executed by Lia Franklin and Stanley Vollenweider and approved by Kentucky Central on December 20, 1988.

Robert Vollenweider died on January 22, 1990, and on January 29, 1990, Sarah Vollenweider executed a Kentucky Central death claim. When Kentucky Central received the death claim, it questioned ownership of the policy and ultimately filed its petition for interpleader which is the cause on appeal herein. In its interpleader action, Kentucky Central alleged that it was aware of claims to the policy by Stanley Vollenweider, Lia Franklin, appellant Sarah Vollenweider and respondent Maurice J. Schwab, Personal Representative of Dorothy Vollenweider's estate.

Sarah Vollenweider filed an answer and counterclaim. Sarah alleged in her counterclaim that she was entitled to judgment against Kentucky Central regardless of the outcome of the interpleader action because it mislead Robert on how to go about changing ownership of the policy. Sarah Vollenweider and Maurice Schwab both filed motions for summary judgment. Sarah's motion was denied and Schwab's was sustained and designated as final for purpose of appeal. Disposition of Sarah's counterclaim was stayed pending this appeal.

On appeal, Sarah argues first that the trial court erred in granting Schwab summary judgment because ownership of the policy passed upon Dorothy Vollenweider's

death to Robert Vollenweider as named personal representative in Dorothy Vollenweider's will regardless of the fact that her estate was not opened until after Robert's death.

■ In Missouri, naming someone as personal representative in a will does not make him a personal representative in fact upon the testator's death, but only gives the proposed personal representative the right to become the personal representative upon complying with the conditions required by law. *In re Estate of Weinsaft*, 647 S.W.2d 179, 181 (Mo.App.1983) (citation omitted). The authority of a personal representative is derived not so much from the will, as from the appointment of the court, and compliance with the law. *Id.* (citation omitted) Until he has qualified under the law, the personal representative does not become the legal owner of the personal property of the decedent, and is not authorized to act as the personal representative. *Id.*

■ At the time of Dorothy Vollenweider's death, she was the owner of the policy and the primary beneficiary, with her estate as contingent beneficiary. The policy provided that if the owner died before the insured, that ownership passed to the personal representative of the owner's estate unless provisions had been made for another person to become owner. No such provisions had been made. Furthermore, Robert never became the personal representative of Dorothy's estate because her estate was not opened until after Robert's death. Robert did not become the owner of the policy merely because he was named as personal representative under Dorothy's will.

Sarah's first point is denied.

Sarah argues next that the trial court erred in granting summary judgment to Schwab because Kentucky Central approved the beneficiary changes. Sarah's argument here is that by approving the beneficiary changes, Kentucky Central waived any failure to comply with the policy provisions for change of beneficiaries.

■ The insurance policy named Dorothy Vollenweider as the owner and gave her the right to control of the policy which included making a change of ownership or beneficiary. If Dorothy had attempted a change of ownership or beneficiary in noncompliance with the policy terms and the change was accepted by Kentucky Central, a waiver of the policy terms might be found. Missouri does recognize the equitable doctrine of substantial compliance to carry out the intent of a person with authority to change beneficiaries under an insurance policy where said person has not strictly complied with the method provided by an insurance policy to change a beneficiary. *Anglen v. Heimburger*, 803 S.W.2d 109, 112 (Mo.App.1990). However, under the circumstances of the case at bar, Dorothy's ownership interest survived her death, passing under the terms of the policy to her personal representative, once duly appointed as such under the law. Robert had no ownership interest or right to control under the terms of the policy. In other words, Robert had no authority to change beneficiaries. When Kentucky Central purported to accept Robert's change of ownership and beneficiaries, no waiver could have taken place as to Dorothy's rights.

Courts from other jurisdictions have denied the insured authority to effectively change ownership or beneficiaries under circumstances similar to the case at bar, where the insured is not the owner of a life insurance policy. *See Prudential Ins. Co. v. Stephens*, 498 F.Supp. 155 (E.D.Va.1980); *Hunnicutt v. Southern Farm Bureau Insur. Co.*, 256 Ga. 611, 351 S.E.2d 638, 639 (1987); *Fidelity Bankers Life Insurance Co. v. Dortch*, 318 N.C. 378, 348 S.E.2d 794 (1986). Likewise, we find that Kentucky Central could not waive failure to comply with the policy provisions for a change in beneficiaries when the change is attempted by an individual without authority under the terms of the policy to effect such a change.

Sarah's second point is denied.

In her third point, Sarah argues that the trial court erred in granting summary judgment to Schwab because the principal beneficiaries of Dorothy's estate, Stanley Vol-

lenweider and Lia Franklin, also approved of the beneficiary change to Sarah Vollenweider.

In Missouri, title to personal property passes to the personal representative, and in the absence of an order of distribution the heirs have no interest in the property. *Jones v. Peterson,* 335 Mo. 242, 72 S.W.2d 76, 84 (1934). The personal representative represents not only the heirs and legatees, but also the law and the creditors. *Odom v. Langston,* 351 Mo. 609, 173 S.W.2d 826, 835 (1943).

Stanley Vollenweider and Lia Franklin had no ownership interest or right to control designation of beneficiaries under the policy. Stanley and Lia purportedly received their ownership interest from Robert Vollenweider after Dorothy Vollenweider's death. However, as addressed under the preceding points in this opinion Robert Vollenweider had no authority to convey ownership or the right to designate beneficiaries. Upon Dorothy's death, her personal representative assumed ownership of the policy on behalf of her estate once duly appointed under the law.

The judgment of the trial court is affirmed.

All concur.