KAREN SMITH, PLAINTIFF v. PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, DEFENDANT AND ELOIS H. WOOD, ADDITIONAL PARTY DEFENDANT

No. COA97-1513

(Filed 6 October 1998)

**Insurance— life insurance—change of beneficiary—form not received before death of insured**

The trial court did not err in a declaratory judgment action to determine the beneficiary of a life insurance policy by concluding that a change of beneficiary form had to be received by the insurer before the insured's death. While the policy does not give explicit directions as to whether or not changes of beneficiary must be made during the lifetime of the insured, the North Carolina rule is that the rights of the beneficiary vest at the death of the insured; accordingly, any change of beneficiary must at least be communicated to the insurance company during the lifetime of the insured. Moreover, because no change of beneficiary form was received by the insurer prior to the death of the insured, the interpleader and substantial compliance rules have no effect.

Appeal by additional party defendant from order entered 19 September 1997 by Judge Jerry Cash Martin in Guilford County Superior Court. Heard in the Court of Appeals 24 August 1998.

Daniel Lee Smith was the policyowner and insured under a life insurance policy for $65,000 issued by defendant Principal Mutual Life Insurance Company ("Principal"). Plaintiff, Karen Annette Smith, was decedent's wife and the sole beneficiary named in the policy. On 21 May 1995, Daniel Lee Smith died in a drowning accident. At the time of his death, decedent and plaintiff were separated but not divorced.

On or about 30 May 1995, Elois H. Wood, the additional party defendant and decedent's mother, submitted to Principal a change of beneficiary form purportedly executed by the decedent prior to his death. The form, dated 25 March 1995, changed the policy's beneficiary from plaintiff to Wood.

Plaintiff brought this declaratory judgment action against Principal on 14 March 1997 asking that the court declare plaintiff the policy beneficiary. On 14 April 1997 Principal answered and counterclaimed, asking that Wood be allowed to intervene and that Principal be allowed to deposit the policy proceeds into the Office of the Clerk of Superior Court and be dismissed from this action. The plaintiff moved for summary judgment on 10 June 1997. Additional party defendant Wood moved to intervene on 13 June 1997. On 6 August 1997 the trial court allowed the intervention of Wood and dismissal of Principal upon payment of the proceeds into the Office of the Clerk of Superior Court. On 29 August 1997 Principal was dismissed from the action upon receipt of the life insurance proceeds by the Clerk of Superior Court. On 19 September 1997, the trial court granted summary judgment in favor of plaintiff and awarded her the life insurance proceeds. Additional party defendant Woods appeals.

*Floyd and Jacobs, L.L.P., by Constance Floyd Jacobs and Robert V. Shaver, Jr., for plaintiff-appellee.*

*Douglas, Ravenel, Hardy & Crihfield, L.L.P., by Robert D. Douglas, III, for additional party defendant-appellant.*

EAGLES, Chief Judge.

We first consider whether the trial court erred in its conclusion of law that for the change of beneficiary to be effective, the form had to be received by Principal before the insured's death. Defendant Wood contends that to be effective the form only needed to be executed by the insured prior to his death and that all the evidence before the Court shows that decedent did execute the change of beneficiary form before his death. Defendant Wood additionally contends that by filing an interpleader action and depositing the policy's proceeds, Principal "waived any requirement that the change of beneficiary designation be received prior to the decedent's death." See *Sudan Temple v. Umphlett,* 246 N.C. 555, 560, 99 S.E.2d 791, 794 (1957). Finally, defendant contends that the filing of the Change of Beneficiary Form following the death of the insured was simply a

ministerial act, and that under the doctrine of substantial compliance, "affirmative acts demonstrating an intent to change beneficiaries which are not in strict compliance with policy formalities nevertheless may guide the court in distributing insurance proceeds." *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 383, 348 S.E.2d 794, 798 (1986) (citing *Teague v. Insurance Co.*, 200 N.C. 450, 157 S.E.2d 421 (1931)).

Plaintiff argues that the properly executed form must be submitted to the insurer and approved during the insured's lifetime to be effective. Execution alone is not sufficient. Here, the change of beneficiary form was not received by Principal during the decedent's lifetime and it was never approved by Principal. Additionally, plaintiff contends that defendant Wood's reliance on the interpleader rule announced in the *Sudan Temple* decision is "misplaced" because the interpleader rule is inapplicable on these facts. Specifically, plaintiff argues that *Dortch* expressly held that "the interpleader rule was not designed to defeat vested rights." *Id.* at 383, 348 S.E.2d at 798. Plaintiff contends that the interpleader rule is inapplicable because the rights of the plaintiff vested at the death of the insured and the change of beneficiary form was not received by Principal until after the insured's death. *Id.* Finally, plaintiff argues that *Dortch* similarly rejects defendant's substantial compliance argument because substantial compliance can only be applied to those changes attempted during the insured's lifetime, before the original beneficiary's interest vests. *Id.* Accordingly, plaintiff asserts that the trial court properly granted summary judgment in her favor.

After careful consideration of the record, briefs and contentions of the parties, we affirm. The trial court's conclusion of law states that "[t]he unambiguous language of the life insurance policy requires that beneficiary changes be made during the life of the insured . . . ." While the policy does not give explicit directions as to whether or not changes of beneficiary must be made during the lifetime of the insured, the North Carolina rule of law is that the rights of the beneficiary vest at the death of the insured. *Dortch*, 318 N.C. at 382, 348 S.E.2d at 797. Accordingly, any change of beneficiary must at least be communicated to the insurance company during the lifetime of the insured, the silence of the policy language on this subject notwithstanding. "Because no change of beneficiary was attempted . . . during [decedent's] lifetime," we hold that plaintiff "remained the designated beneficiary when he died and [plaintiff] acquired vested rights to policy benefits at that time." *Id.* Defendant Wood's submis-

SMITH v. PRINCIPAL MUT. LIFE INS. CO.

[131 N.C. App. 138 (1998)]

sion of the change of beneficiary form after decedent's death "necessarily failed as against a prior vested right." *Id.*

Additionally, we agree with plaintiff that Principal did not waive any requirement that the change of beneficiary be received during the lifetime of the insured. In analyzing the interpleader rule, our Supreme Court noted that in *Sudan Temple* it had "pointedly remarked that an insurance company's waiver of formalities 'does not impair any *vested* right which the original beneficiary had. It is but a recognition that the insurer had, *in the lifetime of the insured*, consented to a change in its contract between them.' " *Dortch*, 318 N.C. at 383, 348 S.E.2d at 798 (quoting *Sudan Temple*, 246 N.C. at 560, 99 S.E.2d at 794-95) (alteration in original). Principal never consented to a change in beneficiary *during the lifetime of the insured* because it did not receive the request until after his death. Similarly, defendant's substantial compliance argument also fails. "Like the interpleader rule . . . substantial compliance can be successfully applied only to those changes attempted during the lifetime of the insured, before the interest of the designated beneficiary vests." *Dortch*, 318 N.C. at 383, 348 S.E.2d at 798. No change of beneficiary form was received by Principal prior to the death of the insured. Accordingly, plaintiff's interest "under the policy ripened upon the death" of the insured and the interpleader and substantial compliance rules have no effect. *Id.* The assignment of error is overruled.

Because of our disposition of this issue, the remaining issues on appeal are moot.

Affirmed.

Judges MARTIN, Mark D., and HORTON concur.