TAMMY MICHELE ADAMS, Plaintiff v. JEFFERSON-PILOT LIFE INSURANCE COM-
PANY, CHARLES ERIC ADAMS, APRIL ADAMS GARDIN, and KELLY ADAMS
HONEYCUTT, Defendants

No. COA00-1484

(Filed 5 February 2002)

**Insurance— life—rightful beneficiary—change of beneficiary
form—doctrine of substantial compliance**

The trial court did not err by granting summary judgment in
favor of plaintiff second wife in an action to determine the right-
ful beneficiary of the pertinent life insurance policy when the
insured executed a change of beneficiary form that was not
received by the insurance company's home office prior to his
death, because: (1) although the parties disagree on the legal sig-
nificance of the established facts, the facts themselves are not in
dispute; (2) a change of beneficiary is given effect on the date that
the policy owner completes and signs a life insurance change of
beneficiary form, provided that the insured is alive on the date of
the written request; (3) the equitable doctrine of substantial com-
pliance applies since the insured returned the completed change
of beneficiary form to his insurance agent and it only remained
for office administrators to complete the filing and endorsement
of the change of beneficiary form; and (4) the insured's knowl-
edge of company procedures has no bearing on the question of
whether he has complied with his own responsibilities in the
matter.

Appeal by defendants from judgment entered 19 September 2000
by Judge J. Marlene Hyatt, in McDowell County Superior Court.
Heard in the Court of Appeals 10 October 2001.

*Adams, Hendon, Carson, Crow & Saenger, P.A. by George Ward
Hendon for plaintiff-appellee.*

*Morris, York, Williams, Surles & Barringer, L.L.P. by Gregory
C. York and Keith B. Nichols for Jefferson-Pilot Life Insurance
Company.*

*Floyd & Jacobs, L.L.P. by Robert V. Shaver, Jr. for defendant-
appellants Charles Eric Adams, April Adams Gardin, and Kelly
Adams Honeycutt.*

**ADAMS v. JEFFERSON-PILOT LIFE INS. CO.**

[148 N.C. App. 356 (2002)]

BIGGS, Judge.

Charles Edward Adams (Adams) died on 25 November 1999, in possession of a $300,000 life insurance policy. This appeal arises from a dispute over who is the rightful beneficiary of this policy. Adam's children, Charles Eric Adams, April Adams Gardin, and Kelly Adams Honeycutt (defendants), appeal from a summary judgment order entered in favor of Adams's second wife, Tammy Michele Adams (plaintiff). We affirm the trial court.

The facts are as follows: In 1983, Adams purchased a $100,000 life insurance policy with Jefferson-Pilot Life Insurance Company (Jefferson-Pilot), naming Jacqueline Adams, to whom he was then married, as the beneficiary. In 1988, he increased the policy's value to $300,000. In 1997, following his divorce from Jacqueline, Adams executed a change of beneficiary which designated defendants as primary beneficiaries. In 1999, after marrying plaintiff, Adams executed another change of beneficiary, and named plaintiff as the primary beneficiary.

To accomplish the 1999 change of beneficiary, Adams contacted Rebecca Lytle (Lytle), an agent of Jefferson-Pilot. Adams and Lytle met at a local restaurant owned by plaintiff, where Lytle provided Adams with a Jefferson-Pilot form for change of beneficiary. Adams read the form, signed it in the presence of Lytle and four restaurant employees, and then returned the form to Lytle. Lytle later testified that this completed Adams's responsibilities with regard to effecting a change of beneficiary.

Jefferson-Pilot's usual practice is for the insurance agent to deliver the completed change of beneficiary form to the office administrator of the local branch office. The administrator forwards the form to the company's home office in Greensboro, where it is endorsed and filed in the company's permanent records. In this case, when Lytle submitted Adams's completed form to her branch office, the office administrator pointed out that Lytle had used a form which, in addition to changing the beneficiary, also stated that the settlement would be paid in installments unless otherwise indicated. This was an official Jefferson-Pilot form, approved for use by the company; thus, it could have been filed immediately with the home office. However, the office administrator suggested that Lytle might call Adams, and confirm that he had intended the default settlement payout option as indicated on the change of beneficiary form. Lytle called Adams several times during the following three weeks, but did not reach him.

Lytle and Adams had no further communication, and when Adams died on 25 November 1999, Lytle still had not mailed the form to the home office. The form was sent to the home office after Adams's death.

On 26 January 2000, plaintiff filed a complaint against Jefferson-Pilot and defendants, seeking to recover the proceeds of the life insurance policy. On 3 April 2000, defendants filed an answer, counterclaim, and cross claim, asserting that they were the rightful beneficiaries of the life insurance policy. Plaintiff amended her complaint on 2 May 2000, and added a claim of negligence against Jefferson-Pilot. Both parties also filed summary judgment motions, each claiming to be the rightful beneficiary as a matter of law.

The trial court entered summary judgment in favor of plaintiff on 19 September 2000. Its order stated that:

[T]his Judgment determines that the October 27, 1999, Change of Beneficiary was effective to name Plaintiff as the beneficiary of the insurance policy on the life of Charles Edward Adams issued by Defendant Jefferson-Pilot Life Insurance Company which is the subject of this action[.]

Defendants appealed from this order on 10 October 2000. Defendant Jefferson-Pilot did not appeal, and has filed a brief in support of plaintiff's position.

Defendants argue that the trial court erred by granting summary judgment in favor of plaintiff. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (1999). "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). "[T]he party moving for summary judgment has the burden of establishing the lack of any triable issue of fact." *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). Furthermore, "the evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Therefore, on appeal:

ADAMS v. JEFFERSON-PILOT LIFE INS. CO.

[148 N.C. App. 356 (2002)]

[i]t is well established that the standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether, '(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law.'

*Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000), *aff'd*, 353 N.C. 445, 545 S.E.2d 210 (2001) (citations omitted).

We first examine whether the record presents genuine issues of material fact. Both parties moved for summary judgment on the issue of their respective claims to the proceeds of Adams's life insurance policy. Each party based its claim upon the same sequence of events: Adams's 1997 designation of defendants as beneficiaries; Adams's 1999 execution of a change of beneficiary form naming plaintiff; and Lytle's failure to send the form to Jefferson Pilot's home office before Adams's death. Neither party has challenged the accuracy or authenticity of the documents establishing the occurrence of these events. Although the parties disagree on the legal significance of the established facts, the facts themselves are not in dispute. Consequently, we conclude that "there is no genuine issue as to any material fact" surrounding the trial court's summary judgment order.

We next consider whether the trial court correctly determined that plaintiff "is entitled to a judgment as a matter of law." In the instant case, defendants do not dispute that Adams desired to change beneficiaries, nor that he signed a Jefferson-Pilot form intended to memorialize this change. However, defendants contend that they are the rightful beneficiaries of Adams's life insurance policy because, although Adams executed a change of beneficiary form, it was not received by Jefferson-Pilot's home office prior to Adams's death. We disagree with this contention.

A beneficiary's interest vests upon the death of the insured. *Fertilizer Co. v. Godley*, 204 N.C. 243, 167 S.E. 816 (1933); *Smith v. Principal Mut. Life Ins. Co.*, 131 N.C. App. 138, 505 S.E.2d 586 (1998), *cert. denied*, 350 N.C. 99, 533 S.E.2d 470 (1999). Defendants argue that their interest in the policy vested when Adams died, notwithstanding Adams's attempted change of beneficiary. In support of their position, defendants cite language in the policy stating that "[t]he Beneficiary may be changed by written request satisfactory to the Company filed at its home office. Any change will take effect on the date of the written request if the Insured is alive at that time."

ADAMS v. JEFFERSON-PILOT LIFE INS. CO.

[148 N.C. App. 356 (2002)]

Defendants first contend that the phrase "alive at that time" can only refer to the date on which the home office endorses the request for change of beneficiary, and that because Adams was not alive on the date that Jefferson Pilot endorsed and filed the form, the change of beneficiary did not take effect on the date of Adams's written request. Defendants argue that "any Insured is always alive at the time of *signing* such a form." However, this argument assumes that the insured is also the policy's owner, which is not always the case. *See Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 348 S.E.2d 794 (1986) (insured lacked authority to designate change of beneficiary where policy was owned by bank, not by insured). Defendant cites no authority for this Court to alter the plain meaning of the disputed language and we find no such authority. Thus we conclude that the change of beneficiary is given effect on the date that the policy owner completes and signs a Jefferson Pilot change of beneficiary form, provided that the insured is alive on the date of the written request. In this case, Adams was both the owner and the insured, and clearly was alive at the time he executed the change of beneficiary form. Therefore, this policy language supports giving effect to the change of beneficiary as of the date he signed the Jefferson Pilot form provided by Lytle.

Defendants also point to language in the change of beneficiary form stating that a change is "effected by recordation by the Company in its Home Office." They contend that Lytle's failure to send the completed form to the home office prevented the company from executing the filing and recordation procedures for a change of beneficiary before Adams's death. They argue that the company's delay in completing the administrative procedures associated with such a change defeated Adams's efforts to change the beneficiary. The resolution of this issue requires our consideration of the equitable doctrine of "substantial compliance." This doctrine has evolved over time to address situations such as the present one, in which an insured completes a change of beneficiary form, only to die before recordation and filing of the document is completed. The doctrine of substantial compliance has been expressed thusly:

> It is now considered that an insurance company may make reasonable rules and regulations by which the insured may change the beneficiary named in the policy. . . . [I]f the insured has done substantially what is required of him, or what he is able to do, to effect a change of beneficiary, and all that remains to be done are ministerial acts of the association, the change will take effect,

ADAMS v. JEFFERSON-PILOT LIFE INS. CO.

[148 N.C. App. 356 (2002)]

though the formal details are not completed before the death of the insured. It must be understood, however, that some affirmative act on the part of the insured to change the beneficiary is required, as his mere unexecuted intention will not suffice to work such a change.

*Teague v. Insurance Co.*, 200 N.C. 450, 455-56, 157 S.E. 421, 424 (1931) (quoting *Wooten v. Odd Fellows*, 176 N.C. 52, 96 S.E. 654 (1918)).

Several criteria must be met before the doctrine of substantial compliance is applicable. First, only the owner of a life insurance policy may change the beneficiary. *See Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 348 S.E.2d 794 (1986) (insured lacked authority to designate change of beneficiary where policy was owned by bank). Secondly, the insured must himself take affirmative steps to effect a change of beneficiary, and may not rely solely on the efforts of others. *Suarez v. Food Lion, Inc.*, 100 N.C. App. 700, 398 S.E.2d 60 (1990) (change of beneficiary not accomplished where insured's wife signs form, rather than the insured).

Additionally, the attempt to change beneficiary must comply in significant measure with the company's procedures. This may be accomplished by an insured who has "expressed a clear, unequivocal intent to change the beneficiary" and "performed every act in his power to perform." *Sudan Temple v. Umphlett*, 246 N.C. 555, 558, 99 S.E.2d 791, 793 (1957) (where insured has done all he can do, attempted change is given effect despite insurer's failure to follow their own rules regarding change of beneficiary). *See also Wooten v. Order of Odd Fellows*, 176 N.C. 52, 96 S.E. 654 (1918) (insured has substantially complied with change of beneficiary requirements where he submits form to insurer, who then discovers that policy has been lost but does not issue duplicate policy until after insured's death); *English v. English*, 34 N.C. App. 193, 237 S.E.2d 555, *disc. review denied*, 293 N.C. 740, 241 S.E.2d 513 (1977) (where group life insurance policy requires "written notice" for change of beneficiary, insured sufficiently complies by indicating in writing his desire to effect a change, although he died before completing an official change of beneficiary form).

The insured has substantially complied with change of beneficiary requirements if "all that remains to be done are ministerial acts[.]" *Teague v. Insurance Co.*, 200 N.C. 450, 456, 157 S.E. 421, 424

(1931). "Where the law prescribes and defines a duty with such certainty as to leave nothing to the exercise of judgment or discretion the act is ministerial[.]" *Midgette v. Pate*, 94 N.C. App. 498, 503, 380 S.E.2d 572, 576 (1989) *See also* Black's Law Dictionary 996 (6th ed. 1990) (defining a 'ministerial act' as "[t]hat which involves obedience to instructions, but demands no special discretion, judgment, or skill"). In the instant case, after Adams returned the completed change of beneficiary form to Lytle, it only remained for office administrators to complete the filing and endorsement of the change of beneficiary form. There is no evidence that any discretionary decisions were involved in these administrative procedures. We conclude that only ministerial acts remained in order to finalize Adams's change of beneficiary.

Defendants have argued that the extent of Adams's knowledge regarding the procedures for a change of beneficiary form to be recorded in the home office creates a material issue of fact regarding Adams's substantial compliance with the requirements for a change of beneficiary. We find no merit in this contention, as Adams' knowledge of company procedures has no bearing on the question of whether he has complied with his own responsibilities in the matter.

Additional criteria are: (1) that the insured must communicate his wish to change beneficiaries to the insurance company; and (2) that he must do so prior to his death. The required communication with the insurance company may be accomplished by the insured's communication with an agent for the company. *Norburn v. Mackie*, 262 N.C. 16, 24, 136 S.E.2d 279, 285 (1964) ("principal is chargeable with, and bound by, the knowledge of or notice to his agent received while the agent is acting as such within the scope of his authority"); *Jay Group Ltd. v. Glasgow*, 139 N.C. App. 595, 534 S.E.2d 233, *disc. review denied*, 353 N.C. 265, 546 S.E.2d 100 (2000) (knowledge of agent or president of corporation imputed to corporation itself). In addition, the insured's communication with the insurance company or with its agent regarding his intent to change beneficiaries must occur prior to his death. *Daughtry v. McLamb*, 132 N.C. App. 380, 383, 512 S.E.2d 91, 92 (1999) ("When no attempt is made during the decedent's lifetime to change the beneficiary, the named beneficiary has acquired vested rights to the policy benefits").

Defendants cite *Smith v. Principal Mut. Life Ins. Co.*, 131 N.C. App. 138, 505 S.E.2d 586 (1998), in support of their claim to the pro-

ceeds of Adams's life insurance policy, arguing that the trial court's summary judgment order "directly contravenes the controlling authority of [*Smith*.]" We disagree. Defendants correctly cite *Smith* for the proposition that "substantial compliance can only be applied to those changes attempted during the insured's lifetime, before the original beneficiary's interest vests." *Smith* at 140, 505 S.E.2d at 588. However, a key factual difference distinguishes the present case from *Smith*. In *Smith* the insured never submitted a change of beneficiary form to the insurer during his lifetime. Instead, after his death, his mother "submitted to [insurer] a change of beneficiary form purportedly executed by the decedent prior to his death." *Id.* at 139, 505 S.E.2d at 586. In contrast, Adams completed, signed, and delivered to the company's agent a change of beneficiary form while alive. Thus, his change of beneficiary was "attempted during the insured's lifetime." Therefore, we conclude that *Smith* supports plaintiff's position, rather than that of defendants, and thus that defendants' reliance is misplaced.

*Teague v. Insurance Co.*, 200 N.C. 450, 157 S.E. 421 (1931), on the other hand, presents a fact situation analogous to the instant case. In *Teague*, the insured held a life insurance policy whose terms provided that the insured could change the designated beneficiary by submission of notice in writing to the company, with the change to be effective "only when endorsed hereon by the company." The insured submitted written documents changing the beneficiary of his life insurance policy, and these documents were forwarded from the local agency to the home office. However, they were neither received by the home office, nor endorsed by the company, before the insured's death. The North Carolina Supreme Court held that there had been substantial compliance by the insured, and that the change of beneficiary would be given effect.

To summarize, before the doctrine of substantial compliance may be applied, the policy owner must himself take affirmative steps to change the beneficiary, must substantially fulfill the actions required on his part to accomplish the change, must communicate these efforts to an agent of the insurer, and must do so in his lifetime.

We conclude that Adams, the policy owner, delivered a completed and signed change of beneficiary form to an insurance agent during his lifetime. We further conclude that there was nothing further that Adams might do to accomplish a change of beneficiary, and that the acts remaining to finalize the change were ministerial. Accordingly,

we hold that Adams substantially complied with the procedural requirements for change of beneficiary, and that Adams's change of beneficiary should be given effect.

For the reasons discussed above, we hold that the trial court did not err in its grant of summary judgment in favor of the plaintiff, and, accordingly, we affirm the trial court's order awarding summary judgment in her favor.

Affirmed.

Judges McGEE and TIMMONS-GOODSON concur.