Affirmed by unpublished opinion. Judge Agee wrote the majority opinion, in which Judge MICHAEL joined. Judge GREGORY wrote a separate opinion concurring in part and dissenting in part.
AGEE, Circuit Judge:
I.
Christopher A. Haney, individually and as a proposed class representative, filed suit in North Carolina state court against USAA Casualty Insurance Company (“USAA Casualty”), USAA General Indemnity Company (“USAA General”), and United Services Automobile Association (“USAA”) (collectively, “the Defendants”).[1] USAA is the parent company of USAA Casualty and USAA General. All three market and sell auto insurance policies to members of the armed services and their families and use the same “form” policies. At all times relevant to this suit, Haney was the named insured on an automobile insurance policy issued by USAA Casualty and only that company’s name appeared on the declarations page of his policy.[2]
*226 Haney asserted a breach of contract claim, among others, against the Defendants. He argued that although the Defendants routinely pay auto dividends to their policyholders in other states, they refused to make dividend payments to policyholders in North Carolina, including Haney, beginning in 2002. According to Haney, the Defendants blamed this disparate treatment on North Carolina’s “unique procedures for setting automobile insurance rates”.[3]
The Defendants timely removed the case to the United States District Court for the Eastern District of North Carolina. USAA Casualty filed an answer while the remaining defendants filed motions to dismiss under Rule 12(b)(1). USAA and USAA General asserted that, as an insured under a policy issued only by USAA Casualty, Haney lacked standing to pursue his claims against them.
Haney filed a motion for class certification and the appointment of class counsel. The Defendants filed motions for summary judgment and successfully sought to stay briefing on Haney’s motions regarding class certification pending resolution of the dispositive motions.
On August 17, 2007, the district court issued an extensive order simultaneously disposing of the motions to dismiss and motions for summary judgment. The district court first determined that Haney lacked standing to sue USAA General because, as an insured of USAA Casualty, he could not establish “any action by USAA [General] that has caused him injury.” Haney v. USAA Casualty Ins. Co., et al., No. 5:06-CV-6-F, slip op. at 16 (E.D.N.C. Aug. 17, 2007). Even though Haney could also not show he was an insured of USAA, the district court found that he had pled sufficient allegations to establish individual standing to pursue a claim against USAA because he alleged that the USAA Board of Directors made the actual decision regarding the payment (or nonpayment) of dividends for USAA Casualty policyholders. Accordingly, the district court granted USAA General’s motion to dismiss, but denied the motion as to USAA. The district court addressed, and granted, the summary judgment motions by USAA and USAA Casualty.
On appeal, Haney contends the district court erroneously concluded there were no issues of material fact with respect to the Defendants’ duty to pay auto dividends and thus erred in granting summary judgment on his claims for breach of contract, violation of North Carolina’s Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75.1.1 et seq. (“UDTPA”), and declaratory judgment.[4] He also contends the *227 district court erred in finding that he lacked standing to sue USAA General. For the reasons that follow, we affirm the judgment of the district court.
II.
Haney contends the district court erred in holding that he lacked standing to sue USAA General. To have standing vis-á-vis USAA General, Haney “must have suffered an ‘injury in fact’-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) ‘actual or imminent, not ‘conjectural’ or ‘hypothetical’ ’ ” Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)) (internal citations omitted). Not only must Haney demonstrate injury, he must also show that the injury sustained is “fairly ... traced to the challenged action of [USAA General], and not injury that results from the independent action of some third party not before the court.” Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); see also Friends for Ferrell Parkway v. Stasko, 282 F.3d 315, 320 (4th Cir.2002) (“The traceability requirement ensures that it is likely the plaintiffs injury was caused by the challenged conduct of the defendant, and not by the independent actions of third parties not before the court.”).
Haney predicates his standing argument on the contention that purchasing an auto policy from USAA Casualty makes him a member of USAA and it is that company’s board of directors that decides whether to pay a dividend to USAA Casualty and USAA General policyholders. Even if this is so, Haney fails to show any causal relation to a decision by USAA’s board of directors to withhold the payment of dividends to USAA General policyholders that causes damage to him as a USAA Casualty policyholder. Haney thus concedes that any damages he incurs from loss of the dividend is traceable to USAA and has no nexus to USAA General. In short, Haney has not shown a “case or controversy” exists between himself and USAA General sufficient to confer Article III standing.[5] Without Article III standing as a beginning point, Haney cannot claim standing for Rule 23 purposes. See Fallick, 162 F.3d at 423. Thus, the district court did not err in granting USAA General’s motion to dismiss.[6]
*228 III.
We review the grant of summary judgment de novo. Long v. Dunlop Sports Group Ams., Inc., 506 F.3d 299, 301 (4th Cir.2007). A party is entitled to summary judgment “if the pleadings, the discovery and disclosure materials on file, and affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial. In such a situation, there can be ‘no genuine issue as to any material fact,’ since a complete failure of proof concerning an essential element of the nonmoving party’s case necessarily renders all other facts immaterial.
Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). “[T] he burden on the moving party may be discharged by ‘showing’-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party’s case.” Id. at 325, 106 S.Ct. 2548. “If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (internal citations omitted).
A. Breach of Contract
Under North Carolina law, “an insurance policy is a contract and its provisions govern the rights and duties of the parties thereto.” Fidelity Bankers Life Ins. Co. v. Dortch, 318 N.C. 378, 348 S.E.2d 794, 796 (1986). Therefore, we have a “duly to construe and enforce insurance policies as written, without rewriting the contract or disregarding the express language used.” Id.
The first page of Haney’s policy contains, opposite the table of contents entitled “Your Personal Auto Policy Quick Reference”, the following text:
RECIPROCAL PROVISIONS ...

apply when United Services Automobile Association, or USAA, is named on. the Declarations as the Company.

A non-assessable policy
Reciprocals
Special definitions and provisions
Plan of operation
In your policy these sets of words have the same meaning: Policy means Contract; You, Your or Insured means Subscriber; We, us, our, USAA or Company means Reciprocal or Interinsurance Exchange; Premium means Deposit; Chairman means Attorney-in-Fact.
Your policy is issued as part of an Interinsurance Exchange by the Chairman of USAA as Attorney-in-Fact under the authority given him by the subscribers.
No Contingent Liability: You are liable only for the amount of your premium since USAA has a free surplus in excess of the amount required by Article 19.03 *229 of the Texas Insurance Code of 1951, as amended.
Participation: By purchasing this policy, you are a member of USAA and subject to its bylaws. You are entitled to dividends as they may be declared by us, after approval as required by the Texas Insurance Code of 1951, as amended.
J.A. 89 (emphasis added). Haney asserts on appeal, as he argued to the district court, that the above “participation” provision entitles him to dividends as part of his contract with USAA Casualty and the failure to pay those dividends constitutes a breach of contract. However, Haney does not dispute that USAA Casualty, and not USAA, appears on the declarations page of his policy.
Under North Carolina law, when “the terms of the policy are plain, unambiguous, and susceptible of only one reasonable interpretation, a court will enforce the contract according to its terms.” ABT Bldg. Prods. Corp. v. Nat’l Union Fire Ins. Co. Of Pittsburgh, 472 F.3d 99, 115-16 (4th Cir.2006) (citing Register v. White, 358 N.C. 691, 599 S.E.2d 549, 553 (2004)). As the district court correctly concluded, “[a] plain reading of the policy shows that all of the ‘reciprocal provisions,’ that is, the provisions that are only applicable to United Services Automobile Association, the reciprocal insurance exchange, are grouped together.”[7] Haney, No. 5:06-CV-6-F, slip op. at 20. Thus, according to the plain language of the “reciprocal provisions”, there is no contractual obligation on the part of USAA Casualty to pay Haney dividends.
To avoid this result Haney makes several arguments on appeal: that the language regarding dividends is ambiguous and thus should be construed against the Defendants, that their historical custom and practice of paying dividends creates an entitlement to the payment of dividends, and that the nonpayment of dividends violates N.C. Gen.Stat. § 58-8-25. For the reasons that follow, we reject each argument.
The “reciprocal provisions” are “plain, unambiguous, and susceptible of only one reasonable interpretation.” ABT Bldg. Prods., 472 F.3d at 115-16. The very first sentence clearly establishes that the provisions, including that about dividend payment, only “apply when United Services Automobile Association, or USAA, is named on the Declarations as the Company.” As noted above, USAA is not so named and no contract provision for dividends exists as to USAA Casualty. Thus, it would be a manufactured and false reading to consider the “participation” provision about dividends as somehow separately applicable to USAA Casualty policyholders such as Haney. In short, there is nothing ambiguous about the reciprocal provisions.
With no ambiguity, evidence of historical practice or custom is not admissible to create a contractual obligation on the part of the Defendants.
[Evidence of a usage or custom is never admitted to make a new contract or to add a new element to one previously made. It may explain what is ambigu *230 ous but it cannot vary or contradict what is manifest and plain, or be received to give to plain and unambiguous words or phrases a meaning different from their natural import.
Lester Bros. v. J.M. Thompson Co., 261 N.C. 210, 134 S.E.2d 372, 378 (1964) (citing 55 Am.Jur., Usages and Customs § 31; 26 C.J.S. Customs and Usages § 30); see also E.L. Scott Roofing Co. v. North Carolina, 82 N.C.App. 216, 346 S.E.2d 515, 520 (1986). Having determined that the “reciprocal provisions,” including the obligation to pay dividends, are not ambiguous and do not apply to USAA Casualty policyholders such as Haney, evidence of custom or usage is simply not admissible to alter the terms of the parties’ contract.
Finally, Haney avers that regardless of the contractual provisions in his policy, when USAA Casualty is authorized to pay dividends to its policyholders in other states, the failure to pay dividends to its North Carolina policyholders violates N.C. Gen.Stat. § 58-8-25. Haney argues that the statute “is part of Haney’s policy ‘... to the same, extent as if therein written ....’” Appellant Br. at 24 (quoting Nationwide Mut. Ins. Co. v. Aetna Life and Cas. Co., 283 N.C. 87, 194 S.E.2d 834, 837 (1973)). Consequently, Haney contends an insurer in North Carolina, such as USAA Casualty, may only differentiate the payment of dividends on “the basis of each general kind of insurance” and “by territorial divisions of the location of risks by states.” N.C. Gen.Stat. Ann. § 58-8-25(a). We do not address the applicability of this statute, if any, because the record establishes that Haney never made this argument to the district court. It is therefore waived on appeal.[8] United States v. Benton, 523 F.3d 424, 428 (4th Cir.2008) (“Failure to raise an argument before the district court typically results in the waiver of that argument on appeal.”); Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir.1999).
Therefore, Haney is unable to prove as a matter of law that either USAA or USAA Casualty is contractually obligated to pay him dividends. Accordingly, the district court did not err in its grant of summary judgment in that regard.
B. Unfair and Deceptive Trade Practices
Haney also asserted in the district court that various actions by the Defendants constituted violations of North Carolina’s UDTPA. Specifically, he averred that the following actions constituted violations of the statute: (1) the Defendants’ failure to pay auto dividends they were contractually obligated to pay, (2) sending false and misleading communications to North Carolina policyholders regarding the ability to pay the dividend, and (3) sending communications to North Carolina policyholders that constitute per se violations of the UDTPA under N.C. Gen.Stat. § 58-63-15(1). The district court held that Haney’s UDTPA claims lacked merit because he had no contractual right to dividends and he failed to present any evidence showing he was injured by the allegedly misleading communications.
As we have already explained, the district court was clearly correct on the first point as Haney had no contractual *231 right to dividends from either USAA or USAA Casualty. As to the second point, to establish a prima facie claim for unfair trade practices, Haney was required to show that: “(1) [the defendants] committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused, injury to the plaintiff." Dalton v. Camp, 353 N.C. 647, 548 S.E.2d 704, 711 (2001) (emphasis added). Haney did not produce evidence that any unfair or deceptive trade practice, even if committed by the Defendants, caused him harm.[9] Thus, the district court did not err in granting summary judgment on this claim.
C. Declaratory Judgment
In addition to the claims addressed above, Haney requested that the district court declare the Defendants: (1) had no authority to withhold dividends from North Carolina policyholders while paying dividends to policyholders in other states, (2) breached contractual and fiduciary duties by refusing to pay dividends, (3) were obligated to pay auto dividends for the years 2002, 2003, and 2004, with interest, and (4) were prohibited from refusing to pay dividends to North Carolina policyholders in the future.
The district court determined that Haney was not entitled to declaratory judgment because he had no contractual right to dividends from the Defendants. Accordingly, the district court entered summary judgment for the Defendants and denied Haney’s request. Our determination that Haney is not contractually entitled to the payment of dividends likewise supports the entry of summary judgment for the Defendants on this issue.
IV.
For all the foregoing reasons, we affirm the district court’s judgment in all respects.

AFFIRMED.

. Haney also sued, as separate party defendants, USAA County Mutual Insurance Company and USAA, a trade name. Both parties were subsequently dismissed from this action.

. Reference to Haney's "policy” includes renewals of that policy that occurred during the relevant timeframe. The record does not reveal any variation among the terms or condi *226 tions of the renewed policies that would affect the issues on appeal.

. The record reflects that USAA and its subsidiaries consider the regulatory process for the approval of insurance rates in North Car- • olina uniquely burdensome among the states. We only note that the record reflects North Carolina's regulatory scheme allows- insurers, like USAA, to charge higher proposed rates before a proposed rate increase has been approved by the North Carolina Insurance Commissioner so long as any increased revenue above an existing approved rate is set aside in an escrow account until such time as the Insurance Commissioner approves or disallows the proposed increase. Should the Insurance Commissioner not approve some part of the proposed increase, all monies in escrow, .plus interest, reflecting the disallowed part of the increase, must be refunded to policyholders. This would be so even if USAA had already issued dividends to the policyholders based on the collected premiums. This system routinely leads to protracted disputes (and often litigation) between insurers such as USAA and the Insurance Commissioner.

. Haney also asserted a claim for breach of fiduciary duty against USAA and USAA-Casu-alty. Although the district court also granted *227 summary judgment on this claim, Haney has not sought review of this decision on appeal and we do not consider it.

. Haney’s reliance on Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410 (6th Cir.1998) is misplaced. That court affirmed the principle that "[a] potential class representative must demonstrate individual standing vis-a-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action.” Id. at 423 (emphasis added). It is only after " ‘an individual has alleged a distinct and palpable injury to himself [that] he has standing to challenge a practice even if the injury is of a sort shared by a large class of possible litigants.' " Id. (quoting Senter v. General Motors Corp., 532 F.2d 511, 517 (6th Cir.1976)). Haney confuses standing to challenge USAA's practice of not paying dividends to North Carolina policyholders with standing to sue a particular corporate defendant, USAA General, with whom he has no legal relationship. Moreover, as at least one court has noted, "circuit precedent interpreting ERISA, a statute that is not at issue in the present case, was an important factor in the [Fallick ] court’s decision regarding Article III standing.” In re Eaton Vance Corp. Sec. Litig., 220 F.R.D. 162, 168 (D.Mass.2004).

. As a practical matter, even if Haney had standing as to USAA General, his claims would fail for the same reasons they fail against the other defendants. We also note our agreement with the district court's determination that Haney possessed standing to sue USAA. Haney's allegation that USAA’s *228 board of directors made the decision not to issue refunds for USAA Casualty policyholders made his alleged injury "fairly traceable” to USAA's conduct. See Lujan, 504 U.S. at 561, 112 S.Ct. 2130 ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presumfe] that general allegations embrace those specific facts that are necessary to support the claim.' ").

. The "reciprocal provisions” are necessary because while all three defendants, USAA, USAA Casualty, and USAA General use the same "form” policies for their North Carolina policyholders, USAA is a reciprocal insurance exchange. See N.C. Gen.Stat. Ann. § 58-15-5(5) (West 2008) (“Reciprocal insurance” "means insurance resulting from the mutual exchange of insurance contracts among persons in an unincorporated association under a common name through an attorney-in-fact having authority to obligate each person both as insured and insurer.").

. While the Defendants did reference N.C. Gen.Stat. § 58-8-25, they did so only once in the course of a discovery dispute over the admission of an affidavit from one of Haney's proposed expert witnesses. That affidavit never mentioned in any way the statutory argument Haney makes here for the first time on appeal. Haney obliquely mentions the statute in his response seeking admission of the affidavit, but he can identify no document in the record, and we find none, where he makes the argument he now makes on appeal.

. Specifically, Haney contends that letters from USAA notifying North Carolina policyholders that North Carolina's system for setting automobile insurance rates prevented them from paying an auto dividend in certain years was deceptive and misleading. As the district court noted, even if this were true, Haney suffered no harm because he had no enforceable right to the dividends in the first place.